FILED
SEP 12 2005
U.S. COURT OF FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**K-CON BUILDING SYSTEMS, INC.,**

**Plaintiff,**

**vs.**

**UNITED STATES OF AMERICA,**
**DEPARTMENT OF HOMELAND SECURITY,**
**UNITED STATES COAST GUARD,**

**Defendant.**

**No.:** 981 C

**Judge:** ____________________

## COMPLAINT

The Plaintiff, K-Con Building Systems, Inc. (hereinafter "K-Con") complains of the Defendant herein as follows:

### JURISDICTIONAL and FACTUAL ALLEGATIONS

1. K-Con is a corporation organized and existing under the laws of the State of South Carolina and at all times relevant herein was in the business of construction, including construction of metal buildings.

2. The Defendant, the United States of America, is a Defendant in this action by virtue of the actions and omissions of its agency and instrumentality, the Department of Homeland Security, United States Coast Guard (hereinafter the "Coast Guard").

3. This Court has jurisdiction over this matter pursuant to 41 U.S.C. § 609.

4. K-Con has timely and properly pursued and exhausted all administrative remedies prior to instituting this action.

5. This case involves a contract for the design and construction of a prefabricated metal building for use as a supply warehouse for United States Coast Guard in St. Petersburg, Florida under

Contract No. DTCG47-03-F-3EFK17 (GSA Contract No. GS-07F-0216L) (hereinafter the "Contract").

6. The Contract generally required K-Con to design and build a prefabricated metal building for the Coast Guard to be constructed in St. Petersburg, Florida. During the course of the design and construction, the Coast Guard changed and modified the contract in among other ways, by failing to properly review and approve drawings submitted by K-Con, and directing K-Con to perform additional work that was not required by the Contract.

7. The Coast Guard failed to extend the Contract as a result of its actions, or inactions, and as required by the Contract because of the changes to the work directed by the Coast Guard.

8. Despite the Coast Guard's actions, K-Con continued performance of the Contract as directed by the Coast Guard.

9. On or around February 3, 2005, the Coast Guard issued unilateral modification P 00007 assessing liquidated damages of $50,760.00 against K-Con.

10. By letter date July 28, 2005, K-Con submitted a claim and demand for remission of liquidated damages to the Coast Guard, and requested a contracting officer's final decision.

11. On August 22, 2005, the Coast Guard issued a final contracting officer's decision (Exhibit 1 attached hereto) denying K-Cons' claim and demand for remission of liquidated damages.

12. The assessment and withholding liquidating damages was improper and without cause.

13. The Coast Guard cannot state what specific dates K-Con was the sole cause of any alleged delays to the Contract.

14. Any delays to the Contract that were allegedly caused by K-Con are concurrent with delays to the Contract caused by the Coast Guard.

15. K-Con was not contractually obligated to perform any additional work to the Contract without first receiving either a bilateral modification or unilateral modification from the Coast Guard; however, the Coast Guard directed K-Con to perform additional work without any such modifications, and without the Coast Guard extending the Contract as required by the changes clause of the Contract.

16. The Coast Guard failed to conduct any meaningful analysis of the impact and delays on the Contract caused by the additional work and the actions or inactions of the Coast Guard on the work being performed by K-Con.

**WHEREFORE**, K-Con prays for judgment against the Coast Guard finding that: (1) the assessment of liquidated damages by the Coast Guard was improper and without cause; (2) K-Con is entitled to remission of liquidated damages and payment of $50,760.00; (3) K-Con is entitled to interest on the amount withheld as liquidated damages; (4) K-Con is entitled to attorney's fees, and for such other and further relief as this Court deems just and proper.

**PEDERSEN & SCOTT, P.C.**

William A. Scott, Esquire
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 8th day of September, 2005.

U.S. Department of Homeland Security
United States Coast Guard

Commanding Officer
United States Coast Guard
Facilities Design & Construction Center (Atlantic)

5505 Robin Hood Rd., Suite K
Norfolk, Virginia 23513-2431
Staff Symbol:
Phone: (757) 852-3449
FAX: (757) 852-3495

4200
Ser. No: 0560K
August 22, 2005

RECEIVED AUG 22 2005

FEDERAL EXPRESS/FAX

K-Con Building Systems
2728 Spruill Ave
Charleston, SC 29405

Re: Contract DTCG47-03-F-3EFK17, Design and Construct Prefabricated Supply Warehouse at the USCG Group St. Petersburg, FL

Dear Mr. Stewart:

## CONTRACTING OFFICER'S FINAL DECISION

Reference is made to your claim dated 28 July 2005 in the amount of $51,260.00.

On September 5, 2003, Contract No. DTCG47-03-F-3EFK17 was entered into between your company and the Government for Design and Construct Supply Warehouse at the USCG Group St. Petersburg, FL. The contract award price was $534,930.00 with a contract completion date of July 26, 2004. Due to modifications to the contract, the contract completion date was extended to September 2, 2004.

## SUMMARY OF CLAIM

Your claim letter of July 28, 2005, received via fax, demands payment of $51,260.00 plus interest for the assessment of liquidated damages.

## FINDINGS OF FACT

In connection with your claim, I hereby make the following findings of fact:

Bilateral Modification P00002 issued August 17, 2004 gave you a 15 calendar day extension. Bilateral Modification P00004 issued September 21, 2004 gave you a 16 calendar day extension. Bilateral Modification P00005 issued December 8, 2004 gave you a 6 calendar day extension. You failed to complete the work by the contract completion date of September 2, 2004.

P/A Tom
PK ✓ SALES
EC ✓ ESTIM
PM ✓ OTHER
SUP
ACCTG

[redacted]

## DECISION

You have provided no information showing why you are not responsible for the delay. Moreover, we are not aware of any event or occurrence that would excuse your late performance. I do not intend to reopen or reconsider this matter. Therefore, it is my final decision to deny your claim as it relates to this issue.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy of the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly to the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely,

Cathy Broussard

CATHY BROUSSARD
Contracting Officer