IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K-CON BUILDING SYSTEMS, INC., Plaintiff, | ) | No. 05-981C |
| v. | ) | (Judge Sweeney) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff K-Con Building Systems, Inc. ("KCON"), defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits the allegation contained in paragraph 2 that defendant is the United States and that the Department of Homeland Security and the United States Coast Guard ("Coast Guard") are agencies of the United States; otherwise denies the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegation contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegation contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegation contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegation contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; admits the allegation contained in the parenthetical that a copy of the contracting officer's August 22, 2005 final decision is attached as exhibit 1 to the complaint; otherwise denies the allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, as plaintiff has not identified with any specificity the "alleged delays" it experienced; defendant states further that the allegations contained in paragraph 13 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 16, or to any relief whatsoever.

18. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

19. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

20. Plaintiff’s claims are barred by the doctrine of accord and satisfaction.

21. Plaintiff’s claims are barred by the doctrine of waiver.

22. Plaintiff's claims are barred by the doctrine of release.

23. Plaintiff's claims are barred by the doctrine of assumption of the risk.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:

AUDREY ROH
Department of Homeland Security
U.S. Coast Guard

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

January 13, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 13, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON