IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K-CON BUILDING SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-981C |
| v. | ) | (Judge Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, plaintiff K-Con Building Systems, Inc. ("K-Con"), and defendant, the United States, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

**a. Does the Court have jurisdiction over the action?**

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 41 U.S.C. § 609. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case. However, simultaneous, coordinated discovery with this case and other cases currently pending in the Court may be appropriate. Specifically, K-Con has filed three separate complaints in this Court relating to three separate contracts with the United States Coast Guard ("Coast Guard" or "agency"). Fed. Cl. nos. 05-914, 05-981, and 05-1054. All three

contracts involve the design and construction of metal buildings for the defendant.

In this case, K-Con challenges the Government's assessment of liquidated damages. The other two cases involve the assessment of liquidated damages by the Government, Fed. Cl. no. 1054, and the Government's termination of the contract for default and assessment of liquidated damages. Fed. Cl. no. 05-914.

The parties do not believe it should be consolidated with the other cases pending in the Court. However, the parties agree that discovery for all three cases should be coordinated to duplication of costs.

**c. Should the trial of liability and damages be bifurcated?**

At this time, the parties do not believe that trial should be bifurcated as to liability and damages.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court of any other tribunal.

**e. Will a remand or suspension be sought?**

The parties do not believe that remand or suspension will be sought.

**f. Will additional parties be joined?**

The parties do not anticipate that additional parties will be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

If the parties are unable to resolve this case through settlement discussions, motions for summary judgment as to the issue of liability may be filed. Following the close of discovery, and following settlement discussions, motions may be appropriate.

**h. What are the relevant issues?**

This case involves the design and construction of a metal building for the Coast Guard in Elizabeth City, North Carolina.

Issue:

Whether the Coast Guard is entitled to liquidated damages assessed against K-Con.

**i. What is the likelihood of settlement?**

The parties intend to discuss possible settlement after the parties have completed submission of their initial disclosures. K-Con states that it believes after discovery, some form of alternative dispute resolution ("ADR") may be appropriate.

Defendant states that it does not, at this time, believe that ADR is appropriate.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

Assuming that the case is not resolved upon cross-motions for summary judgment, or that the case does not settle, the parties anticipate proceeding to trial. Neither party requests expedited trial scheduling. If a trial is required, the parties request the trial be held in Washington, D.C.

**k. Are there special issues regarding case management needs?**

As discussed above, the parties believe that discovery should be conducted in conjunction with other K-Con cases currently pending before this Court. The other two K-Con cases currently pending, Fed. Cl. nos. 05-914 and 05-1054, are assigned to the Honorable Lawrence Block. As such, some coordination of case management with regards to all three cases and the Chambers of the Honorable Lawrence Block, may be necessary.

**l. Is there any other information of which the Court should be aware of at this time?**

K-Con states that it anticipates submitting a claim for additional costs and time resulting from changes to the contract by the government. Depending on the Government's response, K-Con may seek to amend the complaint, and the discovery schedule may have to be adjusted accordingly. K-Con expects that the claim will be submitted to the government within the next 90 days.

The parties are unaware of any other information of which the Court should be aware of at this time.

**m. Discovery Plan**

The parties propose the following discovery deadlines:

| | |
|---|---|
| Exchange of initial disclosures: | April 28, 2006 |
| Designation of Experts: | August 25, 2006 |
| Designation of Rebuttal Experts: | September 29, 2006 |
| Plaintiff's Expert Report: | January 26, 2007 |
| Defendant's Expert Report: | March 2, 2007 |
| Plaintiff’s Rebuttal Expert Report: | April 6, 2007 |
| Defendant’s Rebuttal Expert Report: | May 4, 2007 |
| Close of Expert Discovery: | June 1, 2007 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:

AUDREY ROH
Department of Homeland Security
U.S. Coast Guard

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

March 24, 2006

Attorneys for Defendant

s/ William A. Scott
William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
Tele: (843) 556-5656
Fax: (843) 556-5635

Attorney for Plaintiff

CERTIFICATE OF FILING

I hereby certify that on March 24, 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON