**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **K-CON BUILDING SYSTEMS, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA, DEPARTMENT OF HOMELAND SECURITY, UNITED STATES COAST GUARD,**<br><br>**Defendant.** | **No.: 05-981C**<br>**(Judge Block)** |

## PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER

Pursuant to Rules 6(b)(1) and 7 of the Rules of the United States Court of Federal Claims (RCFC), the Plaintiff respectfully requests that the Scheduling Order filed by the Court on March 28, 2006 be extended by sixty (60) days for the reasons set forth below. This is the first request to amend the Scheduling Order. Counsel for Defendant has informed the Plaintiff's counsel that the Defendant does not oppose the requested amendment to the Scheduling Order.

This case involves the construction of a metal building by K-Con for the United States Coast Guard in St. Petersburg, Florida, and involves the assessment of liquidated damages by the Coast Guard against K-Con. Discovery in this case has been consolidated with two other similar cases, *K-Con v. United States*, Case No. 05-914, which involves construction of a metal building for the Coast Guard in Elizabeth City, North Carolina and *K-Con v. United States*, Case No. 05-1054, which involves construction of a metal building in Port Huron, Michigan. The claims relating to the contracts in St. Petersburg and Port Huron involve claims for remission of liquidated damages assessed by the Coast Guard against K-Con. The contract for the building in Elizabeth City involves a claim for remission of liquidated damages and a termination for default by the Coast Guard. Since

filing the original complaint for the contracts at Port Huron and St. Petersburg, K-Con filed claims for additional compensation on December 15, 2006; however, the contracting officer has not issued a final contracting officer's decision on those claims.

The parties attempted to settle this case and the Port Huron case, which involved claims for remission of liquidated damages only; however, settlement discussions have failed. Because of the ongoing settlement discussions, the parties did not vigorously pursue discovery. In the Elizabeth City case, which involved both the remission of liquidated damages and the termination for default, K-Con filed discovery on October 5, 2006; however, the Defendant did not provide responses to those discovery requests until January 25, 2007. Defendant has provided some but not all of the documents requested in discovery, and expects to produce the remaining document on or before Feb. 16, 2007.

The Plaintiff requests that the Scheduling Order be extended to provide time for the Plaintiff's expert to review discovery responses and the documents produced by the Defendant which are necessary for the expert to provide a meaningful report, and to allow additional time to obtain discovery in the this case and the Port Huron case because discovery had not been pursued pending the settlement discussions. The Plaintiff requests that the Scheduling Order be amended as follows:

Plaintiff's expert report is due no later than **March 27, 2007**.

Defendant's expert report is due no later than **May 1, 2007**.

Plaintiff's rebuttal expert report is due no later than **June 5, 2007**.

Defendant's rebuttal expert report is due no later than **July 3, 2007**.

Discovery shall be completed no later than **August 31, 2007**.

The parties shall submit a joint status report by **September 14, 2007**.

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant this motion

for an amendment to the Scheduling Order.

Respectfully submitted.

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott

William A. Scott, Esquire
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 26th day of January, 2007.