U.S. Department of Homeland Security
**United States Coast Guard**

Commanding Officer
United States Coast Guard
Facilities Design & Construction Center (Atlantic)

5505 Robin Hood Rd., Suite K
Norfolk, Virginia 23513-2431
Staff Symbol:
Phone: (757) 852-3449
FAX: (757) 852-3495

RECEIVED JAN 1 8 2007

4200
Ser. No: 0015K
January 16, 2007

DHL/FAX

K-Con Building Systems
2728 Spruill Ave
Charleston, SC 29405

Re: Contract DTCG47-03-F-3EFK17, Design and Construct Prefabricated Supply Warehouse at the USCG Group St. Petersburg, FL

Dear Mr. Kiernan:

CONTRACTING OFFICER'S FINAL DECISION

Reference is made to your claim dated December 15, 2006 in the amount of $34,300.00 and 88 calendar days as a result of direction by the government.

On September 5, 2003, Contract No. DTCG47-03-F-3EFK17 was entered into between your company and the Government for Design and Construct Supply Warehouse at the USCG Group St. Petersburg, FL. The contract award price was $534,930.00 with a contract completion date of July 26, 2004. Due to modifications to the contract, the contract completion date was extended to September 2, 2004.

SUMMARY OF CLAIM

Your claim letter of December 15, 2006, received December 20, 2006 demands payment of $34,300.00 plus interest for additional work and an extension of 88 calendar days.

FINDINGS OF FACT

In connection with your claim, I hereby make the following findings of fact:

Our letters of July 28, 2004 and August 11, 2004 responded to the concerns of your letter dated July 26, 2004 which requested $34,300.00 and 71 calendar days. As stated previously, the contract was a fixed price design/build contract in which you submitted a proposal and negotiations/discussions were conducted. Prior to award on 21 August 2003 we held a telephone conference with Mr. Pat Kiernan to review specification requirements and K-Con's assumptions within the Request for Proposal package. We specifically discussed topographic, permitting requirements, paving, grading and K-Con's desire to use concrete in lieu of asphalt. We also discussed the silt fence, telecommunication, Cable, plumbing and sanitary lines on Sheet A101, the sprinkler system requirements and section 01160 design submittals. Your Revision 1 to the August 15, 2003 letter, dated 29 August 2003 and signed by Skip Reitmeier, specifically states "The work performed and price herein will be in accordance with the drawings and

specifications provide by FDCC, with the exception of those items excluded and/or clarified below:" Three exceptions were listed: Asphalt, Fiber Optic Cable and Plumbing Stub-ups. As a result of these discussions and agreement to scope and price award was made.

The contract specification section 01160 Paragraphs 1.7.3, 1.7.4, 2.2.1.1, 2.2.2 and 2.2.2.1 clearly identified submittals, their review processes, and the requirement that construction could not commence until the final design submittal had been reviewed and approved. In addition, our telephone conference of 21 August 2003 with Mr. Pat Kiernan discussed various aspects of the contract requirements including design submittals. Your decision to deviate from the approved and accepted drawings caused building erection and slab concerns for the U.S. Coast Guard. You were not building as per your Structural Drawing (S301), details J and E. Specifically, you deviated from detail E, which stated that the building is to be erected after the slab is in place. Because you deviated from the designer-of -record drawings, you needed to revise and/or obtain their approval for the deviation and provide us with a copy of their approval. Your unilateral decision to deviate from the approved drawings altered your construction sequence. In addition, you assert that you were unable to offload and store the building on site for more than one week, which affected your schedule and values. Even though we had provided reasonable space for your use on this project you were not ready to erect the building due to your anchor bolt misplacements. You also assert "due to the concrete shortage and the allocation systems in effect in the area, in which the FDCC was made aware of, incurred additional costs and delays." Contract completion date was June 30, 2004 and you had ample time to schedule concrete placement after the pre-construction conference on April 6, 2004. During our June 15, 2004 progress meeting we notified you of our concerns with the quality of construction. Specifically noted was the building and slab foundation. As stated above, your unilateral decision to deviate from the approved drawings altered the construction sequence and caused your delays.

Prior to contract award, you were provided a copy of the Government geotechnical report dated 25 July 2003. This report indicated groundwater could be expected at -4 feet below grade. Your designer of record, in drawing C202, detail labeled "Grate Inlet & Sump Pump" noted that the existing grade to match for the sump pump was -3.17 feet below grade. This is a few inches above the -4 feet elevation that groundwater is expected to be encountered. Some water will seep or appear into the bottom of the trench. Dewatering normally requires digging a hole (well points) in the ground, install a barrel or similar storage device with holes in it, near the trench. Water is allowed to accumulate in the barrel, then a pump is used to remove the water from the barrel and the water is discharged far away via piping. Providing a pump to remove a small amount of water in a trench due to rain from stopping concrete pours or men working is a normal practice in Florida due to the rainy conditions encountered during the summer months. Our inspector reports indicated that a 3" pump was required for one day. Your request for 5 additional days and $2,200 due to unknown conditions is unclear. We issued bi-lateral Modification P00003 for $4,500.00 for additional labor effort expended for differing site conditions involving the trench work. No time was granted because this work was not on your scheduled critical path.

## DECISION

Based on the above findings, there is no evidence to support your claim. I do not intend to reopen or reconsider this matter. Therefore, it is my final decision to deny your claim as it relates to this issue.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy of the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that

an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly to the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely,

Cathy Broussard

CATHY BROUSSARD
Contracting Officer