**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-981 C** |
| **vs.** | ) | **(Judge Sweeney)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| **UNITED STATES COAST GUARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**REPLY TO RESPONSE TO MOTION TO COMPEL**

The Government contends that it should be excused from failing to respond to the Plaintiff's discovery, including Plaintiff's Requests for Admissions, because Plaintiff's counsel agreed that the Government's counsel could "take whatever time he needed" to provide the requested documents and responses to discovery. That is simply not the case. Between September 2006 and March 26, 2007 when the Motion to Compel was filed, K-Con contacted the Government on at least ten (10) different occasions concerning discovery responses, and advised it may have to file a motion to compel on two(2) occasions. The Government promised to provide responses to discovery and documents by a certain date on at least seven (7) occasions, and then failed to do so.

K-Con served its First Set of Interrogatories and Requests for Production of Documents on the Government in Case No. 05-914, relating to work at Elizabeth City (hereinafter "Elizabeth City"), on October 5, 2006, and its Second Set of Interrogatories and Request for Production of Documents on February 1, 2007. K-Con served its First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions in Case No. 05-981, relating to work at St. Petersburg (hereinafter "St. Petersburg"), and Case 05-1054, relating to work at Port Huron

(hereinafter "Port Huron"), on February 1, 2007. The Government provided responses to K-Con's First Set of Interrogatories on Elizabeth City on January 25, 2007, and responses to Interrogatories and Requests for Admissions on St. Petersburg and Port Huron on April 12, 2007. The Government finally provided responses to the Request for Production of Documents on April 18, 2007, but the documents will not be made available until late May.

The Government begins its argument that it should be excused from failing to respond to Plaintiff's discovery requests in a timely fashion based on an e-mail dated February 12, 2007, when the Government requested a two-week extension to provide documents for Elizabeth City. The Government stated that the delay would at least put Elizabeth City in sync with the cases involving the contracts at Port Huron and St. Petersburg. (Exhibit 1, USDOJ e-mail dated 2/12/07).

The discovery dispute actually began much earlier. In September 2006, K-Con requested when it could inspect all documents relating to the Elizabeth City Contract and the Reprocurement Contract. (Exhibit 2, Scott e-mail dated 9/29/06).

Again, on October 16, 2006 counsel for K-Con requested to inspect documents on Elizabeth City in November or early December. (Exhibit 3, Scott e-mail dated 10/16/06). The parties were unable to schedule a date for inspection of the documents; however, the Government advised Plaintiff's counsel that responses to discovery and the documents would be produced by Christmas.

When responses and documents were not produced by Christmas, counsel for K-Con inquired as to when the documents would be produced and advised the Government that "we need to move forward with discovery." (Exhibit 4, Scott e-mail dated 1/2/07). The Government responded that it intended to respond to the Interrogatories by the end of the week or early the next week. (Exhibit 4, USDOJ e-mail dated 1/3/07). The Government produced a small box of documents on January 15, 2007, however, no responses to K-Con's Interrogatories or Requests for Production were

provided.

On January 23, 2007, counsel for K-Con again requested that the Government provide responses to discovery on the Elizabeth City case, and advised that until responses were provided K-Con could not provide its expert report. (Exhibit 5, Scott e-mail dated 1/23/07). On February 24, 2007, counsel for K-Con advised Government's counsel that since responses to discovery had not been provided K-Con would be filing a motion to compel and a motion to extend the time to submit the expert report. (Exhibit 6, Scott e-mail dated 1/24/07). The Government advised that it expected to provide responses to Interrogatories by the end of the week and requested that K-Con refrain from filing a Motion to Compel, at least until Monday, January 29, 2007. (Exhibit 6, USDOJ e-mail dated 1/24/07). Responses to Interrogatories were finally provided on January 25, 2007, but no responses were provided to K-Con's Request for Production of Documents. At the time the Government responded to K-Con's Interrogatories, it advised that it expected to produce additional documents in the next couple of weeks. (Exhibit 7, USDOJ e-mail dated 1/25/07).

On January 26, 2007, K-Con again requested when the Government would produce the additional documents, and requested that it ensure all documents were provided to avoid a motion to compel. (Exhibit 8, Scott e-mail 1/26/07).

Because the parties were unable to settle the St. Petersburg and Port Huron cases, K-Con served Interrogatories, Requests for Production of Documents and Requests for Admissions on the Government on February 1, 2007.

On February 7, 2007, K-Con requested that it be allowed to inspect all the documents in USCG's possession regarding all three contracts and the Reprocurement Contract on Elizabeth City. (Exhibit 9, Scott e-mail dated 2/7/07). In response, the Government advised that it had additional documents and expected to be able to produce those documents by February 16, 2007. (Exhibit 9,

USDOJ e-mail dated 2/7/07). When questioned on where the documents were on all three contracts, the Government responded that it anticipated responding to K-Con's other document requests within the time permitted under the RCFC. (Exhibit10, Scott e-mail dated 2/7/07, USDOJ e-mail dated 2/7/07).

As opposed to producing documents it repeatedly stated it would produce, on February 12, 2007 the Government advised that it was experiencing technical difficulty with the final set of documents for Elizabeth City, and requested a two-week extension to produce the documents, until March 2, 2007. (Exhibit 1). K-Con responded that it could not wait until March 2nd for the documents, that no responses had been provided to K-Con's Request for Production of Documents, and offered to inspect the documents where they were to speed things up. (Exhibit 11, Scott email dated 2/13/07). The Government responded by requesting if K-Con could live with a one-week extension. (Exhibit 11,USDOJ e-mail dated 2/13/07). K-Con responded that it did not have much choice other than to live with the one week extension. (Exhibit 12, Scott e-mail 2/13/07). Despite the repeated assurances by Government's counsel that responses to discovery would be provided and documents would be produced, no responses were provided.

On February 16, 2007, Government's counsel called K-Con's counsel and requested that K-Con return a call on Monday, February 19, 2007. On February 20, 2007, K-Con's counsel and the Government's counsel talked and discussed two items, the production of documents and K-Con's motions to amend in the St. Petersburg and Port Huron cases. The Government counsel advised that he did not object to the Motions to Amend, and asked for additional time to produce documents. At no time did Government's counsel request an extension to file responses to Interrogatories, Request for Production of Documents, or Request for Admissions. The only two items discussed were the production of documents and Motion to Amend.

Considering the deadlines imposed by the Court's Scheduling Orders, K-Con's attorney could not agree for the Government to "take whatever time you need" as alleged by Government's counsel.

After another thirty-four (34) days with no communications from the Government, K-Con advised Government's counsel on March 26, 2007 at 9:47 a.m. that K-Con would be filing motions to compel and motions to extend the time to file its expert report. (Exhibit 13, Scott e-mail dated 3/26/07). No response was received and the motions were filed late that afternoon.

The Government finally provided responses to Interrogatories and Requests for Admissions on April 12, 2007 and advised K-Con that all of the documents on all three of the contracts were available for inspection and copying. On April 16, K-Con requested to inspect the Documents on May 9 -11 or May 14 - 16. On April 18, 2007, the Government finally responded to the Requests for Production of Documents, but advised that the documents would not be available for inspection until May 24-25 or May 31-June 1, and then copies - not originals - would be provided. Rule 34 requires that the Government produce the documents for inspection as they are kept in the usual course of business or shall organize and label then to correspond with the categories in the request. Rule 34(b), RCFC.

Considering K-Con has been trying to inspect documents since October 2006, and has been repeatedly assured by Government's counsel that responses would be provided and documents would be provided, and then no responses or documents were provided, K-Con had little choice other than to file the Motion to Compel. Additional discussions with Government counsel would have been futile, resulting in only more delays.

Conclusion

All three cases deal with claims by the Government that K-Con failed to meet deadlines. The Government assessed liquidated damages on all three contracts based on the alleged failure of K-Con to meet the Government-imposed completion date, it terminated K-Con on Elizabeth City for failure to meet the Government-imposed completion date, and it contends K-Con is not entitled to additional time and costs for changes because K-Con failed to provide timely notice to the Government. However, when the Government failed to respond to discovery within the time required by the RCFC, it contends the deadline should be extended without any consequences. If the Government contends it can insist on deadlines, then it is only fair for the deadlines imposed by the RCFC be imposed on the Government. The Requests for Admissions must be deemed admitted as required by the RCFC.

For all of the foregoing reasons, K-Con respectfully requests that the Government's responses to K-Con's Requests for Admissions be stricken, and that the Government be directed to make all original documents available by May 9, 2007 for sufficient time to allow for a complete inspection of all the documents.

Respectfully submitted,

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott
William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
ATTORNEYS FOR PLAINTIFF

Dated this 19th day of April, 2007.