**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-981 C** |
| **vs.** | ) | **(Judge Sweeney)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| **UNITED STATES COAST GUARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S STATUS REPORT ON DISCOVERY ISSUES**

Pursuant to the Court's Order of August 2, 2007, this report provides the Plaintiff's view of outstanding discovery issues at this time. The Plaintiff received copies of documents produced by the Government on August 9, 2007. The documents do not appear to include all of the requested documents. Plaintiff's counsel sent a letter to Government's counsel on August 16, 2007 advising on what appear to be deficiencies in the Government's responses. (Exhibit 1). Government counsel has advised that a response will be provided in response to Plaintiff's letter, however, no response has been received as of this date. At this point, Plaintiff has the following primary discovery issues:

1. It does not appear that all documents responsive to Plaintiff's discovery requests have been produced. With regard to documents necessary for the Plaintiff's expert to prepare his report, documents prepared by Steve Allen, the USCG's Project Manager, relating to extensions for weather and hurricanes have not been produced. While other documents are required to fully prepare Plaintiff's case, they are not immediately necessary for Plaintiff's expert report. Plaintiff requests Mr. Mr. Allen's documents be produced by August 31, 2007.

2. The Government agreed to provide exact copies in size and color. Color copies have not been provided. This is hindering complete analysis of who made comments on documents at

different times.

3. No Privilege Log has been provided.

4. Government's counsel has objected to the subpoena served on the Government's expert requesting copies of all documents relating to the contracts, including any and all documents relating to any review or evaluation of the contract. Government's counsel advised Plaintiff's counsel that he did not think the expert was required to provide all documents relating to the expert's review if particular documents pertained to issues on which the expert was not going to provide an opinion. Plaintiff's counsel contends all documents relating to the expert's review must be produced, regardless of whether he is going to provide an opinion on a particular issue. The subpoena was served via Certified Mail, Return Receipt. The Government claims the subpoena is not valid because the expert is not a party and was served by mail. The subpoena can be re-served via personal service, however, the issues of what documents must be produced needs to be resolved.

To move this case forward without further delays, Plaintiff requests a discovery deadline be set for December 14, 2007, with the Plaintiff's expert report due by October 8, 2007, the Government's expert report due by November 8, 2007, and all depositions completed by December 14, 2007.

Respectfully submitted.

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott

William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this __20th__ day of _August_, 2007.