**PEDERSEN & SCOTT, P.C.**
Attorneys at Law
775 St. Andrews Blvd.
Charleston, South Carolina 29407
Phone (843) 556-5656 Fax (843) 556-5635

August 16, 2007

Robert Chandler, Esquire
Commercial Litigation Branch - Civil Division
U.S. Department of Justice
1100 L. Street NW, 8th Floor
Washington, D.C. 20530

**RE: K-Con Building Systems, Inc. v. U.S. Department of Homeland Security, United States Coast Guard**
**Case No.: 05-914C (Elizabeth City)**

Rob:

I am in receipt of the document provided last week, and have the following comments/concerns relating to the documents produced and discovery.

1. The documents provided are bate numbered CG-STP- 1047 through CG-STP-2863. While the documents appear to be provided on the St. Petersburg contract only, a few of the documents refer to Port Huron. Please advise if the documents are provided on the St. Petersburg contract only. If so, please advise when I will receive documents on the Port Huron and Elizabeth City contracts. If not, the documents do not include documents I reviewed in Norfolk on the Port Huron and Elizabeth City cases, and all documents must be produced.

2. We agreed that we would both provide exact copies in size **and color**. See my email of 6/15 and your response that same day. The copies we received are not color. Attached are photographs of some of the documents I reviewed in Norfolk. Please comply with our agreement and provide color copies. My client spent over $9,000 to ensure it complied with the terms or our agreement and I expect the USCG to comply also. If you do not intend on providing color copies, please so advise in writing.

3. When will a Privilege Log be provided?

4. I was not provided access to Cathy Broussard's original log. The Court ordered that you provide original documents. You provided select pages out of the log, but have refused to provide the entire log. Please provide a color copy of the entire log. I will agree not to disclose any portions of the log that relate to other contracts to my client or anyone else, and agree to enter into a protective order to that extent.

5. The documents do not appear to include all of the documents requested in the Requests for Production as set forth below.

**Request No. 7:** Any and all documents relating to any analysis by the Government of the schedules submitted by the Contractor.

You objected on the basis of attorney-client or work product privilege, but stated the requested documents were available for inspection and copying. No documents were provided that show any analysis performed by the Government. Please provide the requested documents, or advise that no such documents exist.

**Request No. 8:** Any and all schedules produced or prepared by the Government relating to the Contract.

There was no objection to this request, and the Government stated that the requested documents are available for inspection. No documents were provided showing any schedules produced or prepared by the Government. Please provide the requested documents, or advise that no such documents exist.

**Request No. 9**: Any and all logs and/or diaries of any of the Government inspectors assigned to inspect the Contractor's work under the Contract, including but not limited to: logs, diaries, letter, notes, memoranda, inspection reports, deficiencies, logs or other documents, including drafts thereof.

You objected on the basis of attorney-client or work product privilege, but stated the requested documents were available for inspection and copying. No drafts of any documents were provided and there are no logs, diaries, or other documents that are normally maintained by inspection personnel. It does not appear that any documents have been provided from the contract inspector for the USCG. Please provide the requested documents, or advise that no such documents exist.

**Request No. 11:** Any and all documents relating to the calculation of the liquidated damages amount set forth in the Contract.

You objected on the basis of attorney-client or work product privilege, but stated the requested documents were available for inspection and copying. No documents were provided that relate to the calculation of the liquidated damages amount set forth in the Contract, not even the documents identified in the USCG's response to Interrogatories on this issue. Please provide the requested documents, or advise that no such documents exist.

**Request No. 15:** Provide any and all documents relating to the methodology employed in calculating the liquidated damages figure included in the Contract, including any and all regulations, policies, procedures, manuals, rate schedules either adopted or utilized, calculations performed, memoranda, correspondences, and worksheets completed or otherwise utilized.

You objected on the basis of attorney-client or work product privilege, but stated the requested documents were available for inspection and copying. No documents were provided. Please provide the requested documents, or advise that no such documents exist.

**Request No. 16**: Provide any and all documents relating to any contracting officer's written determinations regarding the anticipated loss from delayed completion of the Contract, and any approval of the liquidated damages amount stated in the Contract.

You objected on the basis of attorney-client or work product privilege, but stated the requested documents were available for inspection and copying. No documents were provided. Please provide the requested documents, or advise that no such documents exist.

**Request No. 17**: Provide any and all documents relating to any estimated daily cost of Government inspection and superintendence, and documents showing how that amount was determined and/or estimated.

You objected on the basis of attorney-client or work product privilege, but stated the requested documents were available for inspection and copying. No documents were provided. Please provide the requested documents, or advise that no such documents exist.

**Request No. 18**: Provide any and all documents relating to the expected expenses associated with delayed completion of the Contract, and documents showing how that amount was determined and/or estimated.

You objected on the basis of attorney-client or work product privilege, but stated the requested documents were available for inspection and copying. No documents were provided. Please provide the requested documents, or advise that no such documents exist.

**Request No. 19:** Provide any and all documents relating to the liquidated damages amount stated in the Contract, documents relating to the basis for determining that the amount exceeded the amount determined by the instruction, documents relating to any justification (including backup calculations) that was prepared and/or submitted, and documents relating to calculating and/or using the higher rates than those determined by using the instructions.

You objected on the basis of attorney-client or work product privilege, but stated the requested documents were available for inspection and copying. No documents were provided. Please provide the requested documents, or advise that no such documents exist.

**Request No. 20:** Any and all documents used by the Government, including calculations, formulas, and/or factors, in determining delays, disruption and/or acceleration relating to the work required by the Contract.

There was no objection to this request, and the Government stated that the requested documents are available for inspection. No documents were provided. Please provide the requested documents, or advise that no such documents exist.

**Request No. 21**: Provide any documents resulting from the review, investigation and/or deliberations concerning the Contractor's claim for remission of liquidated damages.

> You objected on the basis of attorney-client or work product privilege, but stated the requested documents were available for inspection and copying. No documents were provided. Please provide the requested documents, or advise that no such documents exist.

**Request No. 23:** Any and all documents relating to any procedures, standards, guidelines, rules and/or formulas used in preparing or reviewing the Government estimates for such additional items.

> There was no objection to this request, and the Government stated that the requested documents are available for inspection. No documents were provided. Please provide the requested documents, or advise that no such documents exist.

**Request No. 24:** Any and all documents relating to any delay, disruption and/or acceleration you claim or recognize to have occurred during performance by the Contractor, whether caused by the Government or the Contractor.

> You objected on the basis of attorney-client or work product privilege, but stated the requested documents were available for inspection and copying. No documents were provided. Please provide the requested documents, or advise that no such documents exist. In particular, please provide all of the documents relating to the USCG's determination for the extensions granted by Modifications P00002 and P00004, specifically documents by Steve Allen determining the number of days and dates of delays resulting from weather and hurricanes, and the basis for the extensions.

Please ensure that all of the documents responsive to Plaintiff's requests in the possession of the USCG have been produced, not just those documents in the contracts file maintained by the contracting officer. It does not appear the documents from Steve Allen's files, the engineering files, the inspector's files, and documents maintained at St. Petersburg have been produced. Please confirm that all of the USCG's documents relating to this project, regardless of where located, have been made available for inspection and copying.

Yesterday, you called about the subpoena issued to Mr. McGrath, the USCG's expert. We discussed whether Mr. McGrath was required to provide copies of all of the documents the Government has provided to him if they were the same as those provided to K-Con. We agreed that you will provide a list of the documents by bate number provided by the Government to Mr. McGrath, and that copies would not be required of those documents. However, if Mr. McGrath has made any notes, marks, or annotations of any type on any of those documents, copies of those documents are required to be provided. You also advised that you did not think Mr. McGrath needed to provide copies of notes or other documents that did not relate to the opinions he would be asked by the Government to provide in this litigation, and that you did not want to produce any documents until nearer Mr. McGrath's deposition. First, Mr. McGrath must produce all documents requested by the subpoena. He cannot withhold documents that you or he do not believe are relevant, whether or not they pertain to opinions he will be asked to provide at trial. If the documents relate to any of

the three contracts, they are relevant or may lead to the discovery or relevant information. He must produce all documents in his possession relating to each of the contracts. Second, he must produce the documents by the time set forth in the subpoena. There is no basis for withholding any documents. Please have Mr. McGrath provide the requested documents as required by the subpoena, or advise in writing that the documents will not be provided. Please accept this as my requirement to consult before filing a motion to compel.

I appreciate your written response as soon as possible.

With regards,

William A. Scott

WAS/pb
Enclosures

cc: Eric Combs