IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K-CON BUILDING SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 05-981 C |
| vs. | ) | (Judge Sweeney) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF HOMELAND SECURITY, | ) | |
| UNITED STATES COAST GUARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

Pursuant to RCFC 37, the Plaintiff, by and through the undersigned attorney, hereby moves before this Court for an Order compelling Defendant to produce documents in response to discovery requests, and an Order directing Defendant to pay Plaintiff's reasonable expenses incurred in filing this motion and obtaining this Order.

This motion is based on Defendant's failure to provide documents responsive to Plaintiff's Requests for Production of Documents and the Defendant's expert's refusal to provide documents in response to a subpoena, all as set forth below.

A. **Plaintiff's First Set of Request for Production of Documents**:

**Request No. 11:** Any and all documents relating to the calculation of the liquidated damages amount set forth in the Contract.

The Government objected on the basis of attorney-client or work product privilege, but stated all documents were available for inspection and copying. No documents were provided that relate to the calculation of the liquidated damages amount set forth in the Contract, not even the document identified in the USCG's response to Interrogatories on this issue.

**Request No. 15:** Provide any and all documents relating to the methodology employed in calculating the liquidated damages figure included in the Contract, including any and all regulations, policies, procedures, manuals, rate schedules either adopted or utilized, calculations performed, memoranda, correspondences, and worksheets completed or otherwise utilized.

The Government objected on the basis of attorney-client or work product privilege, but stated all documents were available for inspection and copying. No documents were provided.

**Request No. 16**: Provide any and all documents relating to any contracting officer's written determinations regarding the anticipated loss from delayed completion of the Contract, and any approval of the liquidated damages amount stated in the Contract.

The Government objected on the basis of attorney-client or work product privilege, but stated all documents were available for inspection and copying. No documents were provided.

**Request No. 17**: Provide any and all documents relating to any estimated daily cost of Government inspection and superintendence, and documents showing how that amount was determined and/or estimated.

The Government objected on the basis of attorney-client or work product privilege, but stated all documents were available for inspection and copying. No documents were provided.

**Request No. 18**: Provide any and all documents relating to the expected expenses associated with delayed completion of the Contract, and documents showing how that amount was determined and/or estimated.

The Government objected on the basis of attorney-client or work product privilege, but stated all documents were available for inspection and copying. No documents were provided.

**Request No. 19:** Provide any and all documents relating to the liquidated damages amount stated in the Contract, documents relating to the basis for determining that the amount exceeded the amount

determined by the instruction, documents relating to any justification (including backup calculations) that was prepared and/or submitted, and documents relating to calculating and/or using the higher rates than those determined by using the instructions.

The Government objected on the basis of attorney-client or work product privilege, but stated all documents were available for inspection and copying. No documents were provided.

**B.** **<u>Plaintiff's Third Request for Production of Documents</u>**

The Plaintiff requested "Any and all documents of any type whatsoever relating to Contract No. 3EFK17 (GSA Contract No. GS-07F-0216l). . ." including:

a. development of the requirements for the project,
b. the solicitation,
c. proposals submitted in response to the solicitation,
d. all pre-award information,
e. all negotiations with any bidder,
f. the contract,
g. modifications to the contract,
h. delay reports,
i. logs,
j. correspondences,
k. memoranda,
l. any and all subcontracts between the Government and any entity relating to the project, including contracts for inspection services,
m. schedules,
n. emails,
o. internal memoranda between government personnel,
p. correspondences between the Government and any other entity relating to the project,
q. financial data including funding for the project, limitations on funding, funding requests,
r. calculation of liquidated damages,
s. documents supporting the calculation for liquidated damages,
t. documents relating to any claims asserted by the Government against the contractor,
u. any documents relating to the review or evaluation of any claims by the Government against the contractor,
v. documents relating to the review of any claims submitted by the contractor,
w. claims submitted by any other contractor or subcontractor to the Government relating to this project.

The Government contends it is not required to produce documents responsive to items: a, b, c, d, e, j, k, n, o, p and q.

C. **<u>Subpoena to Defendant's Expert, John McGrath</u>**:

The Plaintiff served a subpoena on the Defendant's expert, John McGrath, requesting he produce certain documents. (Exhibit 1). The Government has advised that the expert will not produce the requested documents. In an attempt to resolve this, Plaintiff's counsel provided the Government counsel with cites to cases holding that the Government must produce all of the requested documents; however, the Government continues to refuse to provide the documents. See *Energy Capital Corp. v. U.S.,* 45 Fed. Cl. 481 (2000)(work-product doctrine did not preclude production of documents given by plaintiff's trial attorneys to expert witnesses who were expected to testify on behalf of plaintiff at trial, including documents that revealed "opinion" work product) and *Elm Grove Coal Co. v. Director, O.W.C.P*, 480 F. 3d 278 (2007)(Draft expert reports that are prepared by counsel and provided to testifying experts, and attorney-expert communications which explain the lawyer's concept of the underlying facts or his view of the opinions expected from such experts, are not entitled to protection under the work product doctrine).

**D. <u>Government's Privilege Log</u>**:

The Government provided a Privilege Log identifying 24 documents as privileged. (Exhibit 2). While the Plaintiff questions whether any of the documents are truly privileged, documents listed as No.'s 20, 21, 22, 23, and 24 are to or from a third party, and are not protected by the attorney-client privilege or any other privilege.

**E**. **<u>Cathy Brousarrd's (Contracting Officer) journal</u>**:

The Court's Order dated May 16, 2007 required the Government produce original documents. The Government has refused to provide the contracting officer's original journal, and has only

provided certain portions that the Government determined to be relevant. Plaintiff's counsel has offered to enter into an appropriate protective order prohibiting disclosure of any information not relating to this contract; however, Government counsel has refused to produce the original journal under any circumstances.

**Conclusion:**

The Plaintiff requests the Court issue an order (1) directing the Government to produce all of the requested documents, or state that no such documents exist, and (2) requiring that the Government pay Plaintiff's reasonable attorney's fees and costs associated with this motion.

In accordance with RCFC 37, I affirm that I have attempted in good faith to resolve the matter contained in this motion, and that I have conferred or attempted to confer with Defendant's counsel in an effort to secure the information or material without action by this Court.

Respectfully submitted.

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott

William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 27th day of September, 2007.