**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-981 C** |
| **vs.** | ) | **(Judge Sweeney)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

The plaintiff, K-Con Building Systems, Inc. ("K-Con"), has moved to compel the United States to respond to its discovery requests and for an order that the United States pay its expenses related to the filing of its motion. The United States has, however, stated a proper objection with respect to each document it has declined to produce. Indeed, plaintiff's discovery requests are, in many instances, vague, unduly burdensome or seek the production of privileged documents. In some cases, the documents plaintiff seeks simply do not exist, as has been explained to plaintiff. Compounding the problem is that plaintiff has failed to articulate the reasons it believes the law requires the production of the documents it seeks. Instead, during discovery negotiations plaintiff made the same type of blanket assertions of entitlement that it makes in its motion to compel, thus frustrating those negotiations. In contrast, the Government has, at all times, articulated the legal basis for its positions, cooperated in discovery and acted in good faith. For these reasons, and the additional reasons described below, we respectfully request that the Court deny plaintiff's motion to compel and its motion for expenses.

## BACKGROUND

Plaintiff has served three sets of requests for the production of documents in this matter. Plaintiff's pending motion to compel relates only to the first and third such request. The following summarizes the significant events related to each request for production.

### I. Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests to Admit to Defendant

Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests to Admit to Defendant (the "First Request") were served February 6, 2007. After a dispute between the parties as to whether the due date for the Government's responses had been extended, plaintiff filed a motion to compel on March 26, 2007. Pl. Mot. to Compel filed March 26, 2007. Defendant served its responses and objections to the First Request on April 18, 2007. A1-12.

The Court convened a status conference to address plaintiff's motion to compel on May 16, 2007. Following the conference, the Court entered an order memorializing agreements reached by the parties during the status conference. Specifically, it was agreed, in relevant part, that:

i. The Government would make copies of electronically stored documents available for inspection and copying on June 6 through June 8, 2007 in Washington D.C.

ii. The Government would ascertain whether originals of hard-copy documents could be made available for inspection and copying on June 6 through June 8, 2007 and, if so, make the documents available at the Coast Guard's offices in Norfolk, VA.

Following the status conference and order from the Court, the Government has produced three sets of documents to Plaintiff. These productions consist of:

i. On June 6 through June 8, 2007, plaintiff inspected copies of all non-privileged documents responsive to the First Request that had been stored electronically by the Coast Guard. At the conclusion of the inspection, plaintiff requested copies of the entire

production set. The copies have been provided to plaintiff.

ii. On July 16, 2007, plaintiff inspected original documents in Norfolk, VA for all responsive non-privileged documents maintained by the Coast Guard in hard copy form.[1] At the conclusion of the inspection, plaintiff requested copies of the entire production set, which has been provided to plaintiff.

iii. During the inspection in Norfolk on July 16, 2007, plaintiff's counsel expressed his view that plaintiff was entitled to all documents relevant to the contract at issue in this case, regardless of whether they were responsive to plaintiff's requests for production. Government counsel explained that the Government had provided only those documents that were responsive to plaintiff's request, as required by RCFC 34. Nonetheless, as a measure of good faith and in the spirit of cooperation during discovery, the Government agreed to produce all non-privileged documents in the official Coast Guard contract file. Copies of those documents have been provided to plaintiff.

## II. Plaintiff's Third Set of Requests for Production of Documents to Defendant

Plaintiff's Third Set of Requests for Production of Documents to Defendant (the "Third Request") was served on July 19, 2007. This request sought production of "[a]ny and all documents of any type whatsoever relating to" the contract that is the subject of this litigation, including, "but not limited to" 23 enumerated categories of documents. The Government served its response on August 21, 2007, objecting that the Third Request was overly broad, unduly burdensome, oppressive, and sought information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. A28-31. Notwithstanding the objections stated in its response, and without waiving those objections, the Government produced documents relating to 12 of the 23 categories enumerated in plaintiff's request. Id. The Government maintained its objection with respect to the other 11 categories, but noted that a substantial portion of the documents requested in those categories already had been produced in response to

[1] As explained in Section IV below, the Government did not produce a handwritten journal maintained by the contracting officer.

the First Request. Id.

**III. Plaintiff's Subpoena Served Upon Defendant's Expert**

Plaintiff served a subpoena upon the Government's expert, John McGrath, on August 27, 2007. In its motion to compel, plaintiff incorrectly states that "[t]he Government has advised that the expert will not produce the requested documents." Pl. Mot. at 4. In fact, the Government has refused to provide just five documents which are protected by the work product doctrine. As the Government has explained to plaintiff, the remainder of the documents related to this case which are in Mr. McGrath's possession have already been produced to the plaintiff by the Government. A34-35. The Government has informed plaintiff that if it wishes to inspect and copy the copies of those documents in Mr. McGrath's possession, it may do so. Id. To date, plaintiff has not communicated a desire to do so.

## ARGUMENT

Plaintiff's motion to compel should be denied. Its requests for production are overly broad, unduly burdensome, not relevant to the present litigation or seek information that is protected by the attorney client or work product privilege. In many cases, plaintiff seeks the production of documents that simply do not exist. Moreover, plaintiff has steadfastly refused to respond to the objections raised by the Government; neither its correspondence leading up to the filing of its motion to compel nor its motion to compel articulate any reasons why the objections raised by the Government are not valid. We therefore respectfully request that the Court deny the motion to compel and deny plaintiff's motion to recover costs.

**I. Plaintiff's First Set Of Requests for Production Of Documents**

Section A of plaintiff's motion to compel seeks an order from the Court compelling

production of documents in response to Requests No. 11, 15, 16, 17, 18 and 19 set forth in the plaintiff's First Request. Pl. Mot. at 1-3. We objected to these requests to the extent they sought the production of documents protected by the attorney-client or work product privileges, and otherwise agreed to produce any documents in the Government's possession that are responsive to these requests. A1-12. As the Government has informed plaintiff's counsel on several occasions, the Government has produced all non-privileged documents that are responsive to these requests. Indeed, Government counsel stated in a letter to plaintiff's counsel on September 25, 2007 that:

> [W]e have produced non-privileged documents that are within the defendant's possession, custody or control and which are responsive to the requests in plaintiff's first request for the production of documents. We have undertaken all reasonable efforts to locate the documents you requested; if a document you expected to find is not found among the production set, then, it is because it does not exist, was otherwise not located during our investigation, we have asserted that the document is privileged or the document was not responsive to your request.

A34. Thus, the Government is not aware of the existence of any documents responsive to plaintiff's request that the United States has not asserted are privileged.[2]

[2] Plaintiff points out that the Government did not produce the document referred to in our interrogatory responses. The document to which plaintiff refers was cited in response to interrogatories 12 and 13; the reason the documents were not produced is clear from the Government's response to those interrogatories, which included the statement: "The Contracting Officer, Cathy Broussard, determined the amount of liquidated damages to be included in the contract. In so doing, she sought and obtained the advice of Phil Gillihan, Esq. Any communications between Ms. Broussard and Mr. Gillihan are subject to the attorney-client and work product privileges." See also A38. Plaintiff has not challenged the Government's assertion of the attorney-client privilege.

## II. Plaintiff's Third Request for Production of Documents

Section B of plaintiff's motion to compel seeks an order from the Court compelling production of documents in response to the categories of the Third Request to which the Government objected. Pl. Mot. at 3-4. As explained above, the Government objected to 11 of the 23 categories in plaintiff's Third Request on the ground that they are overly broad, unduly burdensome, oppressive, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. A28-31. Specifically, the Government objected to plaintiff's request for:

> Any and all documents of any type whatsoever relating to [the contract that is the subject of this litigation], including, but not limited to:
>
> a. development of the requirements for the project,
> b. the solicitation,
> c. proposals submitted in response to the solicitation,
> d. all pre-award information,
> e. all negotiations with any bidder
> …
> j. correspondences,
> k. memoranda,
> …
> n. emails,
> o. internal memoranda between government personnel,
> p. correspondence between the Government and any other entity relating to the project,
> q. financial data including funding for the project, limitations on funding, funding requests,

***Categories a through e and q***

Categories a through e are not relevant to the issues in this litigation. Rule 26(b)(1) of the Rules of the Court of Federal Claims ("RCFC") states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claims or defense of any party." This case involves the delayed performance of a contract for the construction of a prefabricated metal

building in St. Petersburg, Florida. Compl. ¶ 5. In this lawsuit, plaintiff claims that the Coast Guard required it to perform work that was not required pursuant to its contract with the Government, and that the Government wrongfully withheld liquidated damages based upon the resulting delays in the completion of the contract. Compl. ¶ 6-9. Plaintiff seeks remission of liquidated damages and damages reflecting the cost of performing the additional work. Compl. at 3, prayer for relief. Thus, the only claims in this case relate to K-Con's and the Coast Guard's conduct in the performance of the contract, and the reasons for the delay in the completion of the contract.

Categories a through e, however, relate only to information prior to the award of the contract. Moreover, none of the information sought in categories a through e relates in any way to the requirements contained in the contract or the parties' conduct during the execution of the contract. Indeed, categories c through e appear to be calculated to gain information about submissions by K-Con's competitors which is in no way relevant to the issues in this case.

Plaintiff's only attempt to explain the relevance of these requests consisted of a single statement in a letter dated August 27, 2007, which explained plaintiff's view that the pre-award documents it seeks are relevant "[s]ince this case involve [sic] issues relating to what the Government wanted verses [sic] what the contract required and delays throughout the contract[.]" A39. To the contrary, this case involves the services for which the Government contracted versus what K-Con delivered. These determinations may be made based upon a review of contract documents and an examination of the circumstances occurring during the performance of the contract. The Government's activities and its subjective intentions prior to the award of the contract are not relevant to the litigation of this matter, and K-Con's request for an order compelling production of such information should be denied.

Similarly, plaintiff's request in category q for "financial data including funding for the project, limitations on funding, funding requests" is not relevant to the claims asserted by plaintiff in this litigation. The manner of the contact's funding bears no relationship to the delays in this case or the alleged additional work required by the Government. Moreover, to the extent that this request seeks "financial data" in addition to the funding information, it is vague and overly broad.

***Categories j, k, n, o and p***

Plaintiff's motion to compel should be denied with respect to categories j, k, n, o and p. A motion to compel the production of documents may be denied if the request is oppressive or would present an undue burden or expense. Cf. RCFC 26(c). The production sought by the above-cited paragraphs is overly broad, cumulative, seeks the production of documents that are not relevant to this litigation and, thus, is oppressive and unduly burdensome to the Government.

In short, categories j, k, n, o and p request all written communications related to the subject contract in any way. K-Con makes no attempt to limit its requests to communications that relate to the subject matter of this litigation. Instead, plaintiff seeks to undertake a fishing expedition of all of the Government's written communications. Many of the Coast Guard's communications "related" to the contract have to do with issues that are in no way relevant to the present litigation and thus are not properly the subject of discovery in this case.

Moreover, these requests present an undue burden upon the Government because compliance by the Government would require it to undertake a fourth review of its documents. The Government reviewed its correspondence files in order to produce documents in response to the First Request in June 2007. Plaintiff then insisted on reviewing original documents, thus requiring the Government to go back to its original documents and conduct another review in

order to make the originals available to plaintiff in July 2007. Then, upon examining the original documents, plaintiff's counsel complained that the Government should have produced documents that were not responsive to plaintiff's request for production, but that were, in his view, relevant to the litigation. In an effort to cooperate, the Government agreed to conduct a third review of its documents and to produce all of the non-privileged documents from its official contract file. Plaintiff is now demanding that the Government conduct a fourth review of its correspondence. Satisfying this request would require the Government to undertake work that is substantially duplicative of work that it has already performed. It would place an undue burden on the Government to have to collect its correspondence again and conduct a fourth privilege review.

The discovery issues before the Court stem from plaintiff's failure or unwillingness to articulate a proper discovery request that meets its legitimate needs in this litigation. The Government fully complied with the First Request, but plaintiff's counsel evidently determined after the Government's compliance that he was dissatisfied with the scope of his own discovery requests. The Government agreed to provide additional documents that plaintiff had not requested. Plaintiff then made a discovery request at the opposite extreme, seeking all documents with any conceivable relationship to the subject contract, without making any attempt to tailor its request to matters relevant to this litigation. It is incumbent upon the plaintiff to accurately assess its discovery needs and to communicate them adequately to the defendant in the form of a RCFC 34 request for production. At some point, plaintiff's failure to do so after several attempts creates an undue burden that the Government should not be forced to bear.

For the reasons stated above, plaintiff's motion to compel the production of documents in response to categories j, k, n, o and p should be denied.

## III. <u>Documents Prepared By The Government's Expert</u>[3]

Plaintiff seeks the production of certain communications between the Government's counsel, Mr. Robert Chandler, and its expert in this matter, Mr. John McGrath. These communications are protected attorney work product, however, and therefore are not subject to production. RCFC 26(b)(3).

The communications at issue consist of an analysis of a settlement proposal from the plaintiff. In July 2006, plaintiff sent a letter to the Government describing its view of the case and proposing settlement of the case. Mr. Chandler requested that Mr. McGrath review the proposal and prepare an analysis. Mr. Chandler instructed Mr. McGrath that the analysis was to be prepared for settlement discussion purposes only. Mr. McGrath's analysis was prepared as a Powerpoint presentation and Excel spreadsheet that summarize certain facts relating to the issues affecting settlement and present Mr. McGrath's views of the case, including views that go beyond the scope of the expertise for which he was retained by the Government. The presentation is marked "**FOR SETTLEMENT PURPOSES ONLY -- PRIVILEGED AND CONFIDENTIAL**."

The work product doctrine limits disclosure of documents prepared by a party's representative in anticipation of litigation. RCFC 26(b)(3). The doctrine applies not only to documents prepared by a party's attorney, but also to documents prepared by consultants operating under the direction and control of counsel. <u>Martin v. Bally's Park Place Hotel &</u>

---

[3] As explained above, the Government has indicated to plaintiff that the only documents Mr. McGrath will not provide in response to the plaintiff's subpoena are those documents as to which the Government has claimed a privilege. The only documents in Mr. McGrath's possession that the Government claims are privileged are the same documents as those that appear as documents 20-24 on the Government's privilege log. For that reason, this section addresses both Sections C and D of the plaintiff's motion.

Casino, 983 F.2d 1252, 1260-62 (3rd Cir. 1993); Garrett v. Metropolitan Life Insurance Co., 1996 WL 325725 (S.D.N.Y. June 12, 1996); Bituminous Cas. Corp. v. Tonka Corp., 140 F.R.D. 702, 708 (D.Minn. 1992).

Moreover, the same person may perform a dual role as both consultative and testifying expert in the same case. In re Air Crash at Dubrovnik, Croatia on April 3, 1996, 2001 WL 777433 (D.Conn); Messier v. Southbury Training School, 1998 WL 422858 (D.Conn). Documents prepared in that person's role as consultant are protected by the work product doctrine. Id.

Indeed, the facts in Messier are similar to the facts before the Court in this case. In Messier, defendants' counsel requested that defendants' experts analyze the reports of the plaintiffs' experts and indicate which points each expert believed he or she could rebut. Plaintiffs contended that the written analyses that resulted from that request were discoverable pursuant to Fed. R. Civ. Proc. 26(a)(2)(B).

At the outset of its opinion, the court in Messier noted in a footnote that its analysis of the case, in which the expert had provided information to counsel, would be distinct from the analysis of a case where counsel had provided information to the expert.[4] Id. at *2, fn. 3. This stands to reason, given that the purpose of requiring disclosure in the latter circumstance stems from the need to ensure that the adverse party has an opportunity to explore any biases or unreliabilities that might affect an expert's objectivity. Id. at *1. Obviously, the expert's opinion is not similarly colored by work that he or she produces and shares with counsel. In this case, as in Messier, the defendant has agreed to produce all documents provided by defendant to

---

[4] For this reason, the cases cited by plaintiff, both of which involve circumstances where counsel provided information to the expert, are inapposite. Pl. Mot. at 4.

its expert.

The Messier court went on to hold that "[i]f an expert is retained as both a consultant and a testifying witness, the work-product doctrine may be invoked to protect work completed by the expert in her consultative capacity as long as there exists a clear distinction between the two roles." After an in camera review of the documents,[5] the Court concluded that the documents were related to litigation strategy and, therefore, were created in a consultative role.

Similarly, the documents at issue in this case were created in Mr. McGrath's consultative capacity. Indeed, at this stage, Mr. McGrath's role as a testifying expert has not even been defined because plaintiff has not yet produced an expert report; thus, the settlement analysis he performed could not have been in his capacity as testifying expert. Moreover, the subject documents were prepared in response to an instruction from counsel to perform an analysis of the plaintiff's settlement proposal for the purposes of settlement discussion. The documents themselves were marked "FOR SETTLEMENT PURPOSES ONLY" and contain recommendations from Mr. McGrath that go beyond the expertise for which he has been designated as a testifying expert. The subject documents therefore are protected attorney work product and need not be produced to plaintiff.

## IV. **The Contracting Officer's Journal**

The contracting officer, Ms. Cathy Broussard, takes handwritten notes of all meetings she attends, including meetings related to contracts other than the contract that is the subject of this litigation, in a bound journal. Her original handwritten notes cannot be produced, therefore,

---

[5] In camera review is not necessary here, because plaintiff has not challenged the Government's contention that the subject documents were created in Mr. McGrath's consultative role. Instead, plaintiff has chosen to rely solely upon its blanket assertion of entitlement to documents in the possession of the Government's expert, without regard to the capacity in which the expert

without also producing her notes from meetings related to the myriad of other contracts she administers. The Government has photocopied all of the notes taken at meetings relevant to the contract that is the subject of this litigation and has produced them to the plaintiff.

Plaintiff contends that it is entitled to review the original journal in its entirety pursuant to the Court's order of May 16, 2007. Pl. Mot. at 4. This assertion vastly overstates the Court's order. The Court's order only required the parties to make arrangements for the review of original documents by plaintiff. It did not purport to consider the scope of the documents to be provided in original format, and it certainly did not require the production of documents that are not relevant to this litigation.

The Government has provided good cause as to why it should not be required to produce the original journal; specifically, that it would require disclosure of numerous documents that are patently irrelevant to this litigation. Indeed, plaintiff does not contend that the subject documents are relevant. Moreover, plaintiff has not stated a need for the additional disclosure it seeks or stated a basis in law supporting its contention that the production of Ms. Broussard's original notes is required.

---

prepared them.

**V. Even If The Court Grants Any Part Of Plaintiff's Motion To Compel, Plaintiff Is Not Entitled To An Award Of Expenses**

RCFC 37(a)(4) provides that this Court should not order the payment of expenses if the opposing party's nondisclosure is "substantially justified." The Government stated timely objections to each of the plaintiff's discovery requests that are the subject of its motion to compel. A1-12, 28-31. With the limited exception noted in this response, plaintiff failed to respond to the Government's objections with substantive explanations of the reasons it believed it the Government's objections were not valid. Instead, plaintiff has propounded bare assertions of entitlement without explanation or legal citation. Pl. Mot. at 1-5, A39-41. Under the circumstances, the Government's nondisclosure was substantially justified.

Moreover, RCFC 37(a)(4) provides that the payment of expenses is not appropriate if "the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action." K-Con's correspondence prior to filing its motion to compel did not represent a "good faith effort to obtain the disclosure or discovery without court action," given its complete failure to provide substantive responses to the Government's objections. As a result, K-Con's motion for expenses must be denied.

**CONCLUSION**

For the reasons stated above, we respectfully request that the Court deny plaintiff's motion to compel and for expenses.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee

BRYANT G. SNEE
Deputy Director

/s Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit
8th Floor
1100 L. Street, NW
Washington, D.C. 20530
Tel: (202) 514-4678
Fax: (202) 514-8624

October 31, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 31st day of October, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler