IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K-CON BUILDING SYSTEMS, INC., Plaintiff, | ) | No.: 05-981 C |
| vs. | ) | (Judge Sweeney) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Defendant has not yet completed its investigation of the facts pertaining to this action, review of its own documents, discovery, or preparation for trial. Defendant reserves the right to rely upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

2. Defendant's objections set forth are based upon information now known to defendant and its attorneys, and are made without prejudice to defendant's right to assert additional objections should defendant discover additional grounds for objection. That defendant has responded to any document request is not intended, and shall not be construed, as a waiver by defendant to any objection to any such request.

3. Defendant intends no incidental or implied admission by any response to any document request. The fact of defendant's response to any document request is not an admission that defendant accepts or admits the existence of any facts set forth or assumed by such request, or that the making of such a response constitutes admissible evidence.

4. Defendant's agreement to produce a document or documents shall not be deemed a waiver of the right to object to other parts of the request, or to object to the production of other documents.

5. Defendant makes these answers subject to the reservation of its right to object to the introduction into evidence in this or any other action of any of the information or material contained therein, or produced hereunder upon any ground, including, but not limited to, relevancy, materiality, competency, and hearsay.

6. The information supplied in these responses is not based solely upon the knowledge of the executing party, but includes the knowledge of the Government's agents, representatives, and attorneys, unless privileged.

7. Defendant objects to these document requests to the extent they require production of documents protected by the attorney-client privilege, work product privilege or any other applicable privilege.

# RESPONSES TO DOCUMENT REQUESTS

1. **Provide any and all documents referred to and/or relied upon in answering the Plaintiff's First Set of Interrogatories.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

2. **Provide any and all documents identified in your answers to the Plaintiff's First Set of Interrogatories.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

3. **Provide the Government estimate for the work required by the Contract, and any and all schedules, plans and specifications, including drafts thereof, relating to the solicitation and procurement of the contracted work.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

4. **Provide any and all documents relating to and/or upon which the you base your defenses to the Complaint and allegations contained in the Counterclaim.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

5. **Provide any and all documents expected to be introduced as evidence in the trial or arbitration of this case.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

6. **Provide any and all documents which tend to support or refute any claim you assert for liquidated damages against the Plaintiff.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

7. **Any and all documents relating to any analysis by the Government of the schedules submitted by the Contractor.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

8. **Any and all schedules produced or prepared by the Government relating to the Contract.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

9. **Any and all logs and/or diaries of any of the Government inspectors assigned to inspect the Contractor's work under the Contract, including but not limited to: logs, diaries, letter, notes, memoranda, inspection reports, deficiencies, logs or other documents, including drafts thereof.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

10. **Any and all documents relating to any changes in the design or specifications during the performance period.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

11. **Any and all documents relating to the calculation of the liquidated damages amount set forth in the Contract.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

12. **Provide any and all documents relating to each and every alleged delay caused by the Contractor, the dates of the delay, the cause of the delay, the effect of the delay, the length of the delay, and what steps you took to mitigate damages during the delay.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

13. **Provide any and all documents relating to the amount of delay damages claimed against the Contractor and the basis for the amount claimed.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

14. **Provide any and all documents relating to how the Government determined the beginning and ending date for each period for which you claim liquidated damages are due.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

15. **Provide any and all documents relating to the methodology employed in calculating the liquidated damages figure included in the Contract, including any and all regulations, policies, procedures, manuals, rate schedules either adopted or utilized, calculations performed, memoranda, correspondences, and worksheets completed or otherwise utilized.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

16. **Provide any and all documents relating to any contracting officer's written determinations regarding the anticipated loss from delayed completion of the**

**Contract, and any approval of the liquidated damages amount stated in the Contract.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

17. **Provide any and all documents relating to any estimated daily cost of Government inspection and superintendence, and documents showing how that amount was determined and/or estimated.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

18. **Provide any and all documents relating to the expected expenses associated with delayed completion of the Contract, and documents showing how that amount was determined and/or estimated.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

19. **Provide any and all documents relating to the liquidated damages amount stated in the Contract, documents relating to the basis for determining that the amount**

**exceeded the amount determined by the instruction, documents relating to any justification (including backup calculations) that was prepared and/or submitted, and documents relating to calculating and/or using the higher rates than those determined by using the instructions.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

20. **Any and all documents used by the Government, including calculations, formulas, and/or factors, in determining delays, disruption and/or acceleration relating to the work required by the Contract.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

21. **Provide any documents resulting from the review, investigation and/or deliberations concerning the Contractor's claim for remission of liquidated damages.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

22. **Any and all documents relating to each change, additional item, and/or modification issued to the Contractor for work on the Contract, including documents showing:**

a. **the date the Government first became aware the additional item was necessary;**

b. **the date the additional item was written;**

c. **the date the additional item was estimated by the Government;**

d. **the identity of the person estimating the additional item;**

e. **the date the additional item was issued to the Contractor;**

f. **the date the Contractor was authorized to proceed with the work described in the additional item;**

g. **whether the additional item was authorized pursuant to a negotiated settlement with the Contractor or based upon direction to proceed for the Government; and**

h. **in the event the additional work was authorized by some verbal direction by the Government, state specifically who provided the direction, and what authority that person had to direct the additional work.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

23. **Any and all documents relating to any procedures, standards, guidelines, rules and/or formulas used in preparing or reviewing the Government estimates for such additional items.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

24. **Any and all documents relating to any delay, disruption and/or acceleration you claim or recognize to have occurred during performance by the Contractor, whether caused by the Government or the Contractor.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

25. **Any and all documents relating to delays caused by the Government during the Contract, including documents relating to the cause of the delay and the time period of each delay.**

Defendant objects to this request for production to the extent it requires the production of documents subject to the attorney-client or work product privilege.

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

26. **If the Government denies any of the Requests to Admit served herewith, provide any and all documents that the Government contends support the denial and/or upon which the Government relied in denying the request.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

27. **Provide any and all documents that support the Government's position that it was reasonable not to approve the Contractor's requests to change the sequence of work relating to pouring the concrete slab.**

The requested documents are available for inspection and copying at the office of the undersigned at a mutually agreeable time.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

ROBERT E. CHANDLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-8640

April 18, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 18, 2007, I caused to be sent by overnight mail, postage prepaid copies of "DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION" addressed as follows:

Bill Scott
Pedersen & Scott, P.C.
775 St. Andrews Blvd.
Charleston, S.C. 29407

[signature]

**PEDERSEN & SCOTT, P.C.**
Attorneys at Law
775 St. Andrews Blvd.
Charleston, South Carolina 29407
Phone (843) 556-5656 Fax (843) 556-5635

# FAX COVER SHEET

| | |
|---|---|
| DATE: | JULY 26, 2007 |
| TO: | COMMERCIAL LITIGATION BRANCH - CIVIL DIVISION<br>U.S. DEPARTMENT OF JUSTICE |
| **ATTENTION:** | **ROBERT CHANDLER, ESQUIRE** |
| FAX NO: | 202-514-8624 |
| FROM: | BILL SCOTT |

NUMBER OF PAGES INCLUDING COVER SHEET: 9

*******

This facsimile transmission contains confidential information belonging to the sender, which may be legally privileged information. This information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of these facsimile documents is strictly prohibited.

If you have received this transmission in error, please immediately notify the sender by telephone to arrange for return of the facsimile documents.

**PEDERSEN & SCOTT, P.C.**
Attorneys at Law
775 St. Andrews Blvd.
Charleston, South Carolina 29407
Phone (843) 556-5656 Fax (843) 556-5635

July 26, 2007

**VIA FAX & US MAIL**
Robert Chandler, Esquire
Commercial Litigation Branch - Civil Division
U.S. Department of Justice
1100 L. Street NW, 8th Floor
Washington, D.C. 20530

**RE: K-Con Building Systems, Inc. v. U.S. Department of Homeland Security, United States Coast Guard**
**Case No.: 05-981C (St. Petersburg)**

Dear Rob:

Please find enclosed for service upon you Plaintiff's Revised Second Requests for Production of Documents which clarifies the issues brought up in your letter of July 23, 2007. I look forward to receiving the responses and production of the documents. The issue is the methodology used by the Coast Guard in calculating liquidated damages in this contract as compared with calculating liquidated damages in other construction contracts. It is clear from the information provided thus far that the liquidated damages far exceed amounts in other similar "construction contracts." The issue is not similarity in being metal buildings, but similarity in being "construction contracts" as the term is used in the FAR. It is apparent that the damages claimed in these three (3) contracts are punitive in nature and have nothing to do with any anticipated additional costs that the Coast Guard could have reasonably expected to have incurred based on late delivery. I look forward to receiving responses and documents so that we can avoid a motion to compel.

Please contact me if you have any questions.

With regards,

William A. Scott

WAS/pb
Enclosure

cc: Eric Combs

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

K-CON BUILDING SYSTEMS, INC., )
)
Plaintiff, )
) No.: 05-981 C
vs. ) (Judge Block)
)
UNITED STATES OF AMERICA, )
DEPARTMENT OF HOMELAND SECURITY, )
UNITED STATES COAST GUARD, )
)
Defendant. )
)

**PLAINTIFF'S REVISED SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

The Plaintiff requests the above-captioned Defendant to respond to the following Request for Production of Documents. Each request shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them. The Defendant shall serve a copy of the answers, and objections if any, within thirty (30) days after service of these Discovery Requests.

## I. DEFINITIONS

A. The terms "you" and "your" refer to Defendant, United States of America, Department of Homeland Security, United States Coast Guard, any other departments of the United States of America, and to its present or former agents, attorneys, representatives and all other persons who have acted or purported to act on their behalf pursuant to contract or otherwise in any of the matters covered by these discovery requests, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B. "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person to person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, including without limitation any printed, typed,

handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, logbook, minutes, note, study, survey and forecast.

C. "Document" or "documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic matter, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited or unaudited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intracorporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer discs, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instructional material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or on other copies are different documents.

D. "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

E. "Identify," when used in reference to a natural person, means to provide the person's name, last known home and business addresses, last known home and business telephone numbers, present employer, and job title.

F. "Identify," when used in referenced to a person that is a corporation, partnership, proprietorship, association, business, or other group, means to provide the person's full name, address, telephone number, form of organization, and a description of its business activities.

G. "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, known recipients, form (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custodian of each copy of the document having notations unique to such copy.

H. "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, to identify each person who took part in or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

I. "Date" refers to the exact day, month, and year, if known, or, if not known, the best approximation, including, as appropriate to the situation, relationship to other events.

J. "Defendant" shall refer to the defendant named in this litigation and any present or former officers, directors, agents, attorneys, representatives and all other persons who have acted or purported to act on their behalf pursuant to contract or otherwise in any of the matters covered by these discovery requests, whether, or not it is contended that such entity or person had authority to act on behalf thereof.

K. "Contractor" refers to K-Con Building Systems, Inc.

L. "Contract" refers to Contract No. DTCG47-03-F-3EFK17 (GSA Contract No. GS-07F-0216L) for construction of a prefabricated metal building in St. Petersburg, Florida.

## II. INSTRUCTIONS

A. In answering these discovery requests, words used in the singular number shall include the plural number and words used in the plural number shall refer to the singular number as well.

Gender is to be wholly disregarded, the neuter referring as well as to the male and female an the male and the female referring to each other as well as to the neuter.

B. The words "and" or "or" shall be construed conjunctively or disjunctively, as is necessary to make each discovery request inclusive rather than exclusive; and the singular of any word shall include the plural, and plural shall include the singular, as is necessary to make each discovery request inclusive rather than exclusive.

C. Where identification of each fact relied upon by you with regard to a specified allegation or contention is requested, the response shall state separately which specificity each fact in your knowledge, whether obtained through documents, oral communications (whether or not reduced to writing), personal or professional experience or through any other means, which you believe supports the truth of such allegation.

D. If you cannot answer any discovery request fully, answer it to the extent possible and state the reason(s) for not answering more fully.

E. If, in answering these discovery requests, you encounter any ambiguity in construing the discovery request, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the discovery requests.

F. In answering these discovery requests, furnish such information as is available to you, not merely such information as is within your knowledge. This means that you are to furnish information that is known by, available to or in possession of your employees, representatives, servants or agents, including your attorney or any agent or investigator for you or your attorney (unless privileged).

G. If you claim privilege as grounds for objection to any discovery request, identify:

1. The name and address of the speaker or author of the document;
2. The date of the communication or document;
3. The name and address of any person to whom the communication was made or the

document was sent or to whom copies were sent or circulated at any time;

4. The form of communication or document (i.e. letter, memorandum, invoice, contract, etc.);

5. The title and length of the document;

6. The names and addresses of any persons currently in possession of the document or copy thereof;

7. A detailed description of the communication or document; and

8. The nature of the privileged claimed.

H. For any document no longer in your custody or control, identify the document, state whether it is missing, lost, destroyed, transferred to others or otherwise disposed of, and identify any person who currently has custody or control of the document or who has knowledge of the contents of the document.

I. These discovery requests shall be deemed continuing in nature so as to require additional answers if further information is obtained between the time the answers are served and the time of trial.

J. For all documents produced in response to these discovery requests, identify the particular numbered discovery request to which they are responsive.

## III. REQUEST FOR PRODUCTION

No other ICS relevant. Bargained for provision

1. For all construction contracts (as the term "Construction contracts" is used in FAR 11.502) awarded by the Coast Guard from January 1, 2002 through January 1, 2007, provide any and all documents relating to how the Coast Guard calculated the liquidated damages amount set forth in each such construction contract, including but not limited to: a copy of each contract, all regulations, policies, procedures, manuals, rate schedules (either adopted or utilized), calculations performed, memoranda, correspondences, and worksheets completed or otherwise utilized in calculating the liquidated damages amount for each such contract.

**PEDERSEN & SCOTT, P.C.**

William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
ATTORNEYS FOR PLAINTIFF

Dated this 26th day of July, 2007.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K-CON BUILDING SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 05-981 C |
| vs. | ) | (Judge Block) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF HOMELAND SECURITY, | ) | |
| UNITED STATES COAST GUARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **Plaintiff's Revised Second Request for Production of Documents to Defendant** in the above-captioned case have been placed in an envelope, prepaid, addressed and mailed via U.S. Mail, to:

Robert Chandler, Esquire
Commercial Litigation Branch - Civil Division
U.S. Department of Justice
1100 L. Street NW, 8th Floor
Washington, D.C. 20530

Patricia Bryant
Legal Assistant

Dated this 26th day of July, 2007.

**U.S. Department of Justice**

Civil Division

BGS:REChandler
154-05-981

Telephone: (202) 514-4678
Facsimile: (202) 514-8624

*Washington, DC 20530*

July 23, 2007

VIA ELECTRONIC MAIL

Mr. William Scott
Pedersen & Scott
775 St. Charles Blvd.
Charleston, SC 29407
Facsimile No: 843-556-5635

Re: K-Con Building Systems, Inc. v. United States, Fed. Cl. No. 05-981

Dear Mr. Scott:

Attached please find defendant's response to Plaintiff's Second Request for Production of Documents to Defendant, served upon the Government on June 20, 2007. The Government objects to plaintiff's request on several grounds, each of which is identified in the attached response and explained in greater detail herein.

First, the request for production is vague. Your request seeks the production of documents "relating to the calculation of liquidated damages for a building constructed for the United States Coast Guard for the period of January 1, 2000 through January 1, 2004." It is unclear, however, whether you are requesting calculations related to the application of a liquidated damages provision following delayed performance by a contractor or whether you are referring to the calculations made in order to arrive at the liquidated damages amount. In addition, your request seeks documents relating to "buildings constructed ... for the period of January 1, 2000 through January 1, 2004." It is impossible to know from the way you defined the relevant period whether you are referring to projects that were completed during the relevant period, projects for which the entirety of construction took place during the relevant period, or projects that were begun during the relevant period. Moreover, your

reference to "a building" suggests that you are seeking information with respect to a particular building, but you have failed to identify the particular building.

To the extent you intended to seek the production of documents relating to any and all such buildings, the Government objects on the ground that such a request is not relevant to the subject matter of this litigation and the production of these documents would be unduly burdensome to the Government. The location and production of such documents would present an extraordinary burden to the Coast Guard, given that it would require a manual review of all the Coast Guard's construction contracts.

In addition, you have failed to place any reasonable limits on the scope of your request, thus requiring the production of numerous documents that are not relevant to this litigation. In your letter of July 19, 2007, you state your belief that the liquidated damages amount in K-Con's contract with the Government is significantly greater than the liquidated damages amount in contracts "for similar buildings and contracts" entered into by other Government agencies. We disagree that the liquidated damages provision in the Coast Guard's other contracts is in any way relevant to the validity of the liquidated damages provision in K-Con's contract with the Government. More importantly, however, you have not endeavored to limit your request to contracts that are in any way "similar" to K-Con's contract with the Coast Guard, notwithstanding your tacit acknowledgment that the similarity of such contracts to K-Con's contract impacts the issue of whether those contracts are relevant to this litigation. Your request places no limits on geography, type of building, contract size or any other factor designed to identify similar contracts. Moreover, the time period as you have defined it would include contracts completed more than four years prior to the contract at issue in this litigation.

Finally, I note that your suggestion in your July 19, 2007 letter that the Government had not timely responded to K-Con's request for production is incorrect. K-Con served that request by mail on June 20, 2007. Rule 34(b) of the Rules of the Court of Federal Claims ("RCFC") requires the party on whom a request for production is served to respond within 30 days of service, which in this case would be July 20, 2007. The rules further

provide three additional days for the Government to respond because the request for production was served by mail. RCFC 6(e). Thus, the Government's response made today, July 23, 2007, is timely. In the future, for the benefit of both parties, I would ask that you please consult the RCFC prior to alleging that the Government has failed to comply with the applicable rules governing discovery.

Kind regards,

Robert E. Chandler
Trial Attorney

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** **Plaintiff,** vs. **UNITED STATES OF AMERICA,** **Defendant.** | ) | **No.: 05-981 C** **(Judge Sweeney)** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Defendant has not yet completed its investigation of the facts pertaining to this action, review of its own documents, discovery, or preparation for trial. Defendant reserves the right to rely upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

2. Defendant's objections set forth are based upon information now known to defendant and its attorneys, and are made without prejudice to defendant's right to assert additional objections should defendant discover additional grounds for objection. That defendant has responded to any document request is not intended, and shall not be construed, as a waiver by defendant to any objection to any such request.

3. Defendant intends no incidental or implied admission by any response to any document request. The fact of defendant's response to any document request is not an admission that defendant accepts or admits the existence of any facts set forth or assumed by such request, or that the making of such a response constitutes admissible evidence.

RESPONSES TO DOCUMENT REQUESTS

1. **Provide any and all documents relating to the calculation of liquidated damages for a building constructed for the United States Coast Guard for the period of January 1, 2000 through January 1, 2004, specifically including the contract setting forth the liquidated damages, the documents relating to the calculation for the liquidated damages for each such contract, and all documents upon which the liquidated damages amount was based.**

The Government objects to plaintiff's request on the grounds that it is vague, ambiguous, does not seek information that is relevant to this litigation and because responding to this request would be unduly burdensome to the Government.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-8640

July 23, 2007

Attorneys for Defendant

**Chandler, Robert (CIV)**

**From:** Chandler, Robert (CIV)
**Sent:** Tuesday, August 21, 2007 7:02 PM
**To:** 'PS3LAW@aol.com'
**Subject:** Responses to Document Requests
**Attachments:** St. Petersburg Privilege Log.pdf; St. Petersburg Third Document Request Responses.pdf; Elizabeth City Document Request Responses - Third Request.pdf; Port Huron Privilege Log.pdf; Port Huron Second Document Request Responses.pdf; August 21 Supplemental Production St Petersburg.pdf; Elizabeth City Privilege Log.pdf

Mr. Scott,

Attached please find responses to plaintiff's document requests of July 19, 2007 for the Elizabeth City, St. Petersburg and Port Huron matters. Please note that some of the documents referred to in the responses as having been produced for the Elizabeth City and Port Huron matters were sent via Federal Express today. In addition, I have attached privilege logs in all three matters. So that you may more easily decipher the log, I will tell you that Phil Gillihan and Audrey Roh were Coast Guard attorneys. Also, we recently discovered an additional document responive to your request in the St. Petersburg matter; a copy of the document is attached to this email, and a paper copy, in color, will provided to you in due course.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-981 C** |
| **vs.** | ) | **(Judge Sweeney)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Defendant has not yet completed its investigation of the facts pertaining to this action, review of its own documents, discovery, or preparation for trial. Defendant reserves the right to rely upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

2. Defendant's objections set forth are based upon information now known to defendant and its attorneys, and are made without prejudice to defendant's right to assert additional objections should defendant discover additional grounds for objection. That defendant has responded to any document request is not intended, and shall not be construed, as a waiver by defendant to any objection to any such request.

3. Defendant intends no incidental or implied admission by any response to any document request. The fact of defendant's response to any document request is not an admission that defendant accepts or admits the existence of any facts set forth or assumed by such request, or that the making of such a response constitutes admissible evidence.

4. Defendant's agreement to produce a document or documents shall not be deemed a waiver of the right to object to other parts of the request, or to object to the production of other documents.

5. Defendant makes these answers subject to the reservation of its right to object to the introduction into evidence in this or any other action of any of the information or material contained therein, or produced hereunder upon any ground, including, but not limited to, relevancy, materiality, competency, and hearsay.

6. The information supplied in these responses is not based solely upon the knowledge of the executing party, but includes the knowledge of the Government's agents, representatives, and attorneys, unless privileged.

7. Defendant objects to these document requests to the extent they require production of documents protected by the attorney-client privilege, work product privilege or any other applicable privilege.

RESPONSES TO DOCUMENT REQUESTS

1. **Any and all documents of any type whatsoever relating to Contract No. DTCG47-03-F-3EFK17 (GSA Contract No. GS-07F-0216L), including, but not limited to: [the request then enumerates 23 categories of documents included within the request].**

Defendant objects to this request on the ground that it is overly broad, unduly burdensome, oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. We note also that, although this request makes reference to 23 enumerated categories of documents, the request is limitless in that it includes the language "but not limited to" in its preamble.

In addition, defendant objects to the request to the extent it seeks documents that are protected by the attorney-client privilege or that constitute attorney work product. Neither defendant nor its counsel will produce any documents subject to the attorney-client privilege.

Subject to and without waiving the foregoing objections and General Objections, defendants have produced non-privileged documents that are within their possession, custody or control and which are responsive to the following requests enumerated by plaintiff: f, g, h, i, l m, r, s, t, u, v and w. Defendant continues to search for documents responsive to such categories and will produce any additional responsive, non-privileged documents that are located. Defendant has not produced documents in response to the following requests: a, b, c, d, e, j, k, n, o, p and q. Defendant notes, however, that it already has produced a substantial portion of the documents requested by categories j, k, n, o and p in response to Plaintiff's First Request for the Production of Documents.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

ROBERT E. CHANDLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-8640

~~April~~ August 21, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 21st, 2007, I caused to be sent by regular mail, postage prepaid copies of "DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS" addressed as follows:

Bill Scott
Pedersen & Scott, P.C.
775 St. Andrews Blvd.
Charleston, S.C. 29407

U.S. Department of Justice

Civil Division

BGS:REChandler
154-05-981

Telephone: (202) 514-4678
Facsimile: (202) 514-8624

*Washington, DC 20530*

September 26, 2007

VIA ELECTRONIC MAIL

Mr. William Scott
Pedersen & Scott
775 St. Charles Blvd.
Charleston, SC 29407
Facsimile No: 843-556-5635

Re: K-Con Building Systems, Inc. v. United States, Fed. Cl. No. 05-981

Dear Mr. Scott:

I am writing in response to your letter of August 27, 2007. While we appreciate your attempt to negotiate these issues, your letter, which followed our responses and objections to your third request for production, failed to respond to any of our objections. Your only attempt to argue the relevance of the several categories of documents we have declined to provide consists of your statement that "Since this case involve [sic] issues relating to what the Government wanted verses [sic] what the contract required and delays throughout the contract [the pre-award documents you seek are relevant]." This case does not involve what the Government wanted versus what the contract required; however, it involves what the parties contracted for versus what K-Con delivered. K-Con has no basis to delve into the Coast Guard's subjective intentions in soliciting the work for this contract.

In addition, you argue that the documents you seek are relevant because, you claim, one of our document requests was nearly as broad as the ones to which we have objected. Even if that were accurate, your "mirror-image" argument ignores that the Coast Guard is in possession of a great many documents that are relevant to the contract but not in any way relevant to this litigation. In particular, the pre-award documents you seek

relating to proposals and negotiations by other contractors bear no relevance to this case. See e.g., Request 1.c (requesting "proposals submitted in response to the solicitation") and Request 1.e (seeking documents relating to "all negotiations with any bidder"). Given that K-Con's involvement in the pre-award process was far more limited than the Coast Guard's, its pre-award files likely do not contain the same amount of non-relevant material. You were, of course, free to raise an objection in response to our request for production if that was not the case, but chose not to do so.

Your August 27, 2007 letter also states that "The Government has not produced documents in response to the specific requests identified in my letter of August 16, 2007." The August 16, 2007 letter, however, relates to the Elizabeth City matter and, therefore, does not address our objections to your request for documents in the St. Petersburg matter. To the extent that you intended the August 16, 2007 letter to relate to the St. Petersburg matter, I can tell you that we have produced non-privileged documents that are within the defendant's possession, custody or control and which are responsive to the requests in plaintiff's first request for the production of documents. We have undertaken all reasonable efforts to locate the documents you requested; if a document you expected to find is not found among the production set, then, it is because it does not exist, was otherwise not located during our investigation, we have asserted that the document is privileged or the document was not responsive to your request. We continue to search for documents responsive to your requests and will produce any additional responsive, non-privileged documents that are located.

With respect to the documents numbered 1110-1131, we are looking into that. They are not in our privilege file, so I do not believe they were withheld on privilege grounds. If we deemed them not to be responsive, they would not have been numbered in the first place. We are checking into whether there was an administrative/printing error, and will let you know as soon as we are able to determine what happened.

Regarding your subpoena of Mr. McGrath, we already have produced to you directly copies of all documents the Government has provided Mr. McGrath, other than those that are privileged. The privileged documents appear on our privilege log. If you wish to copy and inspect Mr. McGrath's copy of the non-privileged

documents, that is your prerogative. I had understood previously that you did not intend to do so, but if you have changed your mind, please let me know and the appropriate arrangements will be made.

You have challenged our assertion of privilege with respect to certain communications between me and Mr. McGrath, but your challenge is not convincing; neither case you cite applies to this circumstance, in which we are asserting that (i) Mr. McGrath was acting as a consultative agent of the Department of Justice in the context of a the subject communications and (ii) that the scope of his prospective testimony is as-yet undefined because we have not received your client's expert report.

You have also asserted that a number of items on our privilege log are not subject to the attorney-client privilege. I have provided additional detail as to each communication below in an attempt to elucidate the reasons for our assertion of the privilege. The numbers in the table below correspond to the numbers in our privilege log and your letter.

| | |
|---|---|
| 1 | The email contains legal advice from Coast Guard attorney Talbot Nicholas, which is being forwarded to Allen Lotz, Steve Allen and Eric Hanson. |
| 2 | The email chain includes a request for information by Robert Chandler and a response to that request. |
| 3 | This is an email from Elaine Eder, Chief of the Office of Procurement Law (i.e., an attorney) to (I) Cathy Broussard, the contracting officer; (ii) Phillip Gillihan; a Coast Guard attorney; and (iii) copied to David Stinson, then a trial attorney with the Department of Justice. The email contains statements and questions regarding the litigation that are privileged. |
| 4 | Audrey Roh was Coast Guard counsel at the time. The email contains a request for information relating to her provision of legal advice. |
| 5 | The email contains a request for information relating to Ms. Roh's provision of legal advice. |

| | |
|---|---|
| 6 | The email contains a request for information relating to Ms. Roh's provision of legal advice. |
| 7 | The email contains a request for information relating to Ms. Roh's provision of legal advice. |
| 8 | The email contains a response to a request for information relating to Ms. Roh's provision of legal advice. |
| 9 | The email contains a response to a request for information relating to Ms. Roh's provision of legal advice. |
| 10 | The email contains counsel's opinion work product and a request for information relating to Ms. Roh's provision of legal advice. |
| ~~12~~ | ~~The email contains a request for information~~ relating to Ms. Roh's provision of legal advice. |
| 13 | This email and its attachment contain information that prepared at the request of counsel and designed to be used by counsel in the rendering of legal advice. |
| 17 | We will produce this document. |
| 19 | This email and its attachment contain information that prepared at the request of counsel and designed to be used by counsel in the rendering of legal advice. |
| 20-24 | See discussion of McGrath subpoena above. |

The additional details above should make clear the basis for the Government's assertions of privilege. If you continue to believe that the documents are not subject to the attorney-client privilege, then please state in detail the reasons you object to our privilege assertion.

You have our position with respect to Cathy Broussard's journal.

We will provide you with a set of color copies of the documents as initially agreed.

I hope the above responses make clear our intention to negotiate these discovery disputes in good faith. We note that a good faith negotiation demands more of plaintiff than the blanket assertions of entitlement that have been characteristic of its prior correspondence on these issues. If the plaintiff persists in seeking production of the subject documents, we would anticipate that before a motion to compel is filed that plaintiff would, at the very least, (i) explain the reasons that each of the categories of documents in plaintiff's third request for the production of documents is relevant to this case and (ii) describe in detail the reasons it believes that the Government has erroneously asserted the attorney client privilege. So far, plaintiff has done neither. In addition, plaintiff might also do well to consider the places where it can narrow its unduly broad discovery requests.

Kind regards,

Robert E. Chandler
Trial Attorney

## Chandler, Robert (CIV)

**From:** Chandler, Robert (CIV)
**Sent:** Tuesday, October 02, 2007 2:53 PM
**To:** 'PS3LAW@aol.com'
**Cc:** ercombs@kconinc.com
**Subject:** K-Con v. US; Fed. Cl. 05-914

**Attachments:** 20071002_143739_2926.pdf

20071002_143
)_2926.pdf (17C

Bill,

Please see attached.

Also, in our last status conference with Judge Sweeney you pointed out that a memo which addressed the calculation of liquidated damages was not produced, but did not appear on our privilege log. I note, however, that we asserted the privilege with respect to that document (in each of the three matters before the Court of Federal Claims) in our response to your interrogatories and document requests. You and I also discussed the status of this document at length in a telephone conference. These assertions of the privilege are sufficient to satisfy our requirements pursuant to the RCFC.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov

**PEDERSEN & SCOTT, P.C.**
Attorneys at Law
775 St. Andrews Blvd.
Charleston, South Carolina 29407
Phone (843) 556-5656 Fax (843) 556-5635

August 27, 2007

**Via Email**
Robert Chandler, Esquire
Commercial Litigation Branch, Civil Division
US Dept. of Justice - Classification Unit
8th Floor, 1100 L. Street, N.W.
Washington, DC 20530

**RE: K-Con v. US, Case No. 05-981 (St. Petersburg)**

Dear Rob:

The following is provided in response to your letter and email of August 24th.

1. *Document production:* You advised that all documents have not been produced, that no more documents will be produced, and that the Government is not required to produce all of the requested documents. The Government has not produced documents in response to the specific requests identified in my letter of August 16, 2007. In addition, the Plaintiff requested "Any and all documents of any type whatsoever relating to Contract No. 3EFK17 (GSA Contract No. GS-07F-0216l). . ." and listed 23 areas of documents. I am curious why the Government contends that some of the requested documents are not relevant or may lead to the discovery of relevant information? The Government's Request for Production, No. 1, requested: "all documents pertaining to the contract that is the subject matter of this litigation, including, but not limited to, all documents prepared, used by, or reviewed by K-Con in responding to the RFP in this matter." The Plaintiff has produced all of the requested documents. Assuming that the Government requested only documents that were relevant or intended to lead to the discovery or relevant information, why would the Government ask for ALL documents pertaining to the contract and then state that all of the Government's documents relating to the contract do not have to be produced? Since this case involve issues relating to what the Government wanted verses what the contract required and delays throughout the contract, it is hard to conceive what documents relating to the contract are not relevant, or that may lead to the discovery of relevant information.

   To date, the Government has produced documents with bate numbers CG-STP-0001 - 2865; however, documents with bate numbers 1110 - 1131 were not received. There may other missing documents, but those are the ones identified thus far. Please provide the documents or explain why they are not included.

2. Expert documents: Despite Judge Sweeney's comments that documents to and from the expert would have to be produced, you advised that those documents will not be produced.

Attached is a subpoena that is being served on Mr. McGrath. As for the obligation to produce the requested documents, please see *Energy Capital Corp. v. U.S.*, 45 Fed. Cl. 481 (2000)(work-product doctrine did not preclude production of documents given by plaintiff's trial attorneys to expert witnesses who were expected to testify on behalf of plaintiff at trial, including documents that revealed "opinion" work product) and *Elm Grove Coal Co. v. Director, O.W.C.P*, 480 F.3d 278 (2007)(draft expert reports that are prepared by counsel and provided to testifying experts, and attorney-expert communications which explain the lawyer's concept of the underlying facts or his view of the opinions expected from such experts, are not entitled to protection under the work product doctrine).

3. Government's Privilege Log: The following documents do not appear to be protected by the attorney client privilege: documents listed as No.'s 1, 2, 3, 4, 5, 6, 7, 8, 10, 12, 13, 17, 19, 20, 21, 22, 23, and 24. Please provide the documents, or explain the basis for the claim of privilege in detail. The case cited above provide a very good discussion of what is and is not privileged.

4. Cathy Broussard's journal: Once again, the Court ordered the original documents be produced. It is not your place to review the journal and determine what is and is not relevant. As I stated previously, I will enter into an appropriate protective order.

5. Color documents: You recognize that the documents provided by the Government are not in color as we had agreed. Regretfully, I did not take pictures of each document in the file, therefore, I cannot tell you which documents should have been in color. The only remedy is to go through the file and provide color copies of all documents that are not black and white. To avoid this expense, I suggest the documents be made available again during the depositions of the Government witnesses. Please advise if this is agreeable. Otherwise, I must insist on color copies.

6. Plaintiff's responses to discovery. You contend the Plaintiff's responses are incomplete and evasive. The responses meet the requirements of the rules. I have actually provided to you the documents that support the Plaintiff's claims. After reviewing all of the Government's documents, the responses will be supplemented with a complete list of all documents that the Plaintiff believes are relevant, or may lead to relevant information. This is what I call my "Significant Documents" file, and is the file that I personally put together to use throughout the litigation. While I am not required to produce the documents because they are clearly covered by the work-product privilege, I will produce them to move this case forward. The facts are what they are. If you believe the responses are inadequate, please file a motion to compel and we will resolve this matter with the Court.

With regard to Plaintiff's Privilege Log, when the log was provided, I advised that if you wanted a detailed list of the e-mails, it would be provided. Since you have now requested a list, it will be provided. I have not figured out how to copy the list from the computer, so it will have to be done manually. I expect to have the log to you by Sept. 4, 2007.

7. Good faith. I have been trying to get documents on this case since February. When documents were finally made available on June 6, 2007, you limited the documents I could review. When additional documents were made available in Norfolk on July 16th, not all of the requested documents were produced. All I have had is interference and delay by you by refusing to provide documents and claiming a privilege for documents that are not privileged. After you have stated that no more documents will be produced, what else is required on my part to meet my obligation of good faith?

In conclusion, since you have failed to produce the documents and stated the documents will not be produced, the appropriate motions to compel will be filed with requests for sanctions.

With regards,

William A. Scott

WAS/pb
Enclosure

cc: Eric Combs (w/enc.)