# CONTENTS OF APPENDIX

| Document | Page |
| --- | --- |
| Government Response to Interrogatory 9 | A1 |
| Portions of Cathy Broussard's journal, Bates No. CG-STP-2552- 2556 | A6 |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| K-CON BUILDING SYSTEMS, INC., Plaintiff, vs. UNITED STATES, Defendant. | No.: 05-981 C (Judge Sweeney) |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant answers and objects to Plaintiffs' First Set of Interrogatories and Requests for Admission to Defendant United States of America as follows:

**INTRODUCTORY STATEMENTS**

1. Defendant has not yet completed its investigation of the facts pertaining to this action, review of its own documents, discovery, or preparation for trial. Defendant reserves the right to rely upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

2. Defendant's objections set forth are based upon information now known to defendant and its attorneys, and are made without prejudice to defendant's right to assert additional objections should defendant discover additional grounds for objection. That defendant has responded to any interrogatory is not intended, and shall not be construed, as a waiver by defendant to any objection to any interrogatory.

3. Defendant intends no incidental or implied admission by any response to any interrogatory. The fact of defendant's response to any interrogatory is not an admission that defendant accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that the making of such a response constitutes admissible evidence.

4. Defendant's agreement to produce a document or documents shall not be deemed a waiver of the right to object to other parts of the request, or to object to the production of other documents.

5. Defendant makes these answers subject to the reservation of its right to object to the introduction into evidence in this or any other action of any of the information or material

contained therein, or produced hereunder upon any ground, including, but not limited to, relevancy, materiality, competency, and hearsay.

6. The information supplied in these responses is not based solely upon the knowledge of the executing party, but includes the knowledge of the Government's agents, representatives, and attorneys, unless privileged. The word usage and sentence structure is that of the attorneys who prepared these responses, and does not purport to be the exact language of the executing party.

7. Defendant objects to the "DEFINITIONS AND INSTRUCTIONS" contained in plaintiff's interrogatories to the extent that they seek to impose upon defendant any requirement beyond those established by the Rules of the United States Court of Federal Claims.

## RESPONSES TO INTERROGATORIES

1. **Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.**

Defendant objects to Interrogatory No. 1 to the extent it seeks the disclosure of information protected by the attorney-client or work product privileges. Notwithstanding defendant's objection, defendant responds as follows:

The following persons are current or former Government employees and may be contacted only through Government counsel:

Cathy Broussard, Chief of Contracting
5505 Robin Hood Road, Suite K
Norfolk, VA 23513

Marion E. Hundley, Contracting Officer
5505 Robin Hood Road, Suite K
Norfolk, VA 23513

Henry W. Ames, (Bill) Director of Projects
5505 Robin Hood Road, Suite K
Norfolk, VA 23513

Steve Allen, Project Manager
5505 Robin Hood Road, Suite K
Norfolk, VA 23513

have been completed by the plaintiff on or before September 2, 2004. The final delivery of the building by plaintiff occurred on December 7, 2004. The plaintiff is responsible for the delay in the completion of the contract from September 2, 2004, until December 7, 2004, when the contract work was completed. The cause of such delay is plaintiff's failure to complete the contract work on or before the agreed-upon completion date. The effect of such delay is that it is a breach of the contract by the plaintiff and the plaintiff is liable for liquidated damages for each day of the delay.

7. **State with particularity the amount of delay damages claimed against the Contractor and the basis for the amount claimed.**

Pursuant to the contract between the Government and the plaintiff, the Government is entitled to liquidated damages of $564 for each day after the contract completion date that the contract has not been completed. See Section H, Paragraph H.8 (52.211-12 Liquidated Damages – Construction (SEP 2000). The contract work was completed 96 days after it was due; the Coast Guard assessed liquidated damages for 90 days. Thus, the plaintiff is liable for liquidated damages of at least $50,760.

8. **For each period identified in the previous interrogatory, identify the person who made the determination of when (the date) to begin assessing liquidated damages, who made the determination of when to cease assessing liquidated damages, the basis for those determinations, and any document evidencing such determinations.**

The Contracting Officer made the determination based on the Project Manager's confirmation that the Government took beneficial occupancy at least 90 days after the contract completion date.

FDCCLANT Ltr Serial Number 0841K Dated 12/7/2004
K-Con Butch Clayton email to FDCCLANT Steve Allen 12/7/2004 1:37P.M.
FDCCLANT Cathy Broussard email to K-Con Butch Clayton 12/1/2004 06:28 A.M.
FDCCLANT Cathy Broussard email to K-Con Butch Clayton 11/30/2004 03:26 P.M.

9. **State with specificity and particularity how the liquidated damages amount stated in the Contract was determined, breaking the amount down to its most basic and fundamental elements, numbers, calculations and/or formulas so that each element, consideration and/or methodology employed in calculating the liquidated damages figure is clearly shown. In answering this interrogatory, identify any and all regulations, policies, procedures, manuals, rate schedules either adopted or utilized, calculations performed, memoranda, correspondences, and worksheets completed or otherwise utilized.**

The Contracting Officer determined that the Coast Guard would incur additional costs if the contractor failed to complete the work within the time specified in the contract or any extension. She further determined that the extent or exact amount of damages was impossible to ascertain at the time of issuance of the solicitation. She therefore included a provision in the contract for liquidated damages based upon probable actual damages, in accordance with FAR 11.502, and included FAR Clause 52.211-12 shall be incorporated in the solicitation.

The Contracting officer included in her calculation of probable actual damages the additional inspection costs that would result from any delay:

a. Travel to job site for Project Manager - 1 trip per month - 3 days per diem, car rental, and air fare: $700.00.

b. Travel to job site for 1 member from contracting staff - 1 trip per month - 3 days per diem plus air fare: $650.00.

c. Construction Inspector (A/E) time: $10,000.00 per mo.

d. Other miscellaneous costs (phone, mail, etc.): $200.00 permonth.

The above rates for travel/per diem are based on the following costs:

1. Airfare - Roundtrip from Norfolk to Tampa: $243.00.
2. Car Rental - $35.00/per day (included only in PM's travel): $105.00.
3. Per diem - $135.00/per day first 2 days and $114.00 (3rd day) Total: $384.00 (3/4 per diem for food will be allowed for the 1st and last day of travel).

**TOTAL ADDITIONAL INSPECTION COSTS = $11,550.00 PER MONTH**

The Contracting officer also included in her calculation of probable actual damages the additional administrative costs that would result from any delay. Based on the guidelines listed COMDTINST 7310.1F dated January 20, 1999, the following costs were used:

1. GS-14/CDR - $67.00/hour X 2087 hours = $139,829.00 year.
2. GS-13/LCDR - $55.00/hour X 2087 hours = $114,785.00 year.
3. GS-12/LT - $48.00/hour X 2087 hours = $100,176.00 year.

**CONSTRUCTION**

1. GS-14 (Chief) - 5 percent of his time per project = $6,991.00/year - $583.00/month.
2. GS-13/LCDR (Team Leader) - 5 percent of their time =$5,739.00/year - $478.00/month.
3. GS-13/LCDR (Project Manager) - 33 percent of his time per project =

$37,879.00/year - $3,157.00/month.

4. GS-12/LT (Project Manager) - 33 percent of his time per project = $33,058.00/year - $2,755.00/month.
5. GS-12 (COR's) - 33 percent of his time per project = $33,058.00/year - $2,755.00/month.

CONTRACTING

1. GS-14 (Chief) ) - 5 percent of his time per project = $6,991.00/year - $583.00/month.
2. GS-13 (Contracting Officer) - 10 percent of her time per project = $11,479.00/year - $957.00/month.
3. GS-12 (Contract Specialist) - 20 percent of her time per project = $20,035.00/year - $1,670.00/month.

Based on the above guidelines, the following costs were used:

1. Chief, Construction Division – $ 583.00 per month.
2. Team Leader - $478.00 per month.
3. Project Manager, (Select 3 or 4 above) $2755.00 per month.
4. Chief, Contracting Division - $583.00 per month.
5. KO, Contracting Division - $957.00 per month.

**TOTAL ADMINISTRATIVE COSTS = $5,356.00 PER MONTH.**

**TOTAL COSTS = $16,906.00.**
**DIVIDED BY 30 DAYS = $563.53 PER DAY.**

Based on the above, the Contracting Officer concluded that $564.00 per day is a fair and reasonable assessment of liquidated damages as specified by the terms and conditions of the solicitation.

10. **State what amount, if any, of the liquidated damages amount stated in the Contract was based on the estimated daily cost of Government inspection and superintendence, state how that amount was determined and/or estimated, and identify any and all documents upon which that amount was determined and/or estimated.**

See response to Interrogatory 9.

11. **State what amount, if any, of the liquidated damages amount stated in the Contract was based on the expected expenses associated with delayed completion of the Contract, state how that amount was determined and/or estimated, and identify any and all documents upon which that amount was determined and/or estimated.**

[illegible] Mtg [illegible]

Donna, Bill, Donna, Capt, Mike, Dave,
Jim, PAT, Eric

| | | |
|---|---|---|
| CST - Pt Huron | CCD 11/20/04 | |
| E City | 10/21/04 | |
| St Pete | 7/26/04 | 20% |

Capt discussed that all three projects are having problems - even though they have 3 separate PM's @ K-Con. Outcome preferred is to ensure contract completion on time -

Per Bill Failure to date has been in the design area - they have not met the schedule.

Pt. Huron - first 50% design - Bill talked about ~~[illegible]~~ whether steel or concrete shortages will be given time - must show how schedule was impacted -

PAT - Admit faults & move on - did not - should have asked for mty 60 Days ago.

53 - projects - K-Con -
Our 3 - projects are the only ones having problems -
Biggest error in discussions w/ USCG prior to award -
~~[illegible]~~ - Pricing submitted over budget - prices modified changed - got to budget -
As if nothing had changed -
Systematic error - no matter what was said - Standard Commercial Practices is how they expected to perform.

Pt Huron generated scope of work -

E City - of Schedule -
Targeted for D/B-GSA -
Fast Track - why hasn't it begun? - Foundations - should be spelled out in spec - if it's allowed, to start early (Fast Track)

We want a realist schedule that reflects a realist CCD - We need to know on all 3 projects - [illegible]

CG-STP-2553

A 6

Revised Schedules that Show the correct CCD -
- Feedback on how we can approve D/B process.
- Design intent - we went away from 35% to reduce the burden -
Get us the specific on design / Engineering approach that is the commercial world. Advise us what we are expecting that is above the commercial grade. What on our jobs exceed the normal commercial grades etc.

Per Bill
St. Pete - Behind Schedule
Cannot meet - Schedule - per PAT.
We / need a revised Schedule.
You'll either be in Damages or present a good reason why you can't meet Schedule.

~~[illegible]~~
Capt - Valued comments from K-Con - along with with their comments.

CG-STP-2554

[illegible] Mtg [illegible]

Donna, Bill, Donna, Capt, Mike, Dave,
Jim, PAT, Eric
CST- Pt Huron CCD 11/20/04
E City 10/21/04
St Pete 7/26/04 20%

Capt discussed that all
three projects are having
problems - even though they
have 3 separate PM's @
K-Con. Outcome preferred
is to ensure contract
completion on time -

Per Bill Failure to date has been
in the design area - they have
not met the schedule.
Pt. Huron - first 50% design -
Bill talked about [illegible]
whether steel or concrete shortages
will be given time - must
show how schedule was
impacted -
PAT - Admit faults & move on -
did not - should have asked for
[illegible] 60 Day ago.

53 - projects - K-Con -
Our 3-projects are the only
ones having problems -
Biggest error in discussions
w/ USCG prior to award -
[illegible] - Pricing submitted -
over budget - prices modified
changed - got to budget -
As if nothing had changed -
Systematic error - no matter
what was said - Standard
Commercial practices is how
they expected to perform.

Pt Huron generated scope
of work -

E City - off schedule -
Targeted for DIB-GSA -
Fast Track - why hasn't
it begun? - Foundations -
Should be spelled out
in spec - it's allowed
to start early (Fast Track)

We want a realist schedule
that reflects a realist
CCD - We need to know
on all 3 projects - 4

CG-STP-2555

Revised Schedules that
Show the Correct CCD -
- Feedback on how we
Can approve D/B process.
- Design intent - we want
away from 35% to reduce
the burden -
Get us the Specific on
Design/Engineering approach that
is the Commercial world -
Advise us what we are
expecting that is above the
Commercial grade. What our
Own jobs exceed the normal
Commercial grades, etc.
Per Bill
St. Pete - Behind Schedule.
Cannot meet - Schedule - per PAT -
We/need a revised Schedule.
You'll either be in Damages or
present a good reason why you
Can't meet Schedule.

~~[illegible]~~
Capt - Valued Comments from
K-Con - along with with
their Comments.