# In the United States Court of Federal Claims

No. 05-981 C
(Filed: February 7, 2008)

***********************************
K-CON BUILDING SYSTEMS, INC., *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
***********************************

**ORDER**

Presently before the court in the above-captioned case is plaintiff's motion to compel. In its motion, plaintiff seeks certain documents in the possession of defendant's expert, John McGrath, and those documents included in defendant's privilege log that "are to or from a third party," i.e., Mr. McGrath. Mot. 4. In its response to the motion, defendant asserts that the only documents in Mr. McGrath's possession that were not produced were the five documents identified in its privilege log as numbers 20 to 24. Resp. 10 n.3. Defendant claims that these communications are "protected attorney work product" pursuant to RCFC 26(b)(3), characterizing them as "an analysis of a settlement proposal from plaintiff" that was prepared by Mr. McGrath working in the capacity of a litigation consultant, and not as an expert witness. Id. at 10-12. Defendant contends that "the same person may perform a dual role as both" a consultant and a testifying expert, and that in this case, "Mr. McGrath's role as a testifying expert has not . . . been defined because plaintiff has not yet produced an expert report." Id. 11-12 (citing In re Air Crash at Dubrovnik, No. 3:98-CV-2464, 2001 WL 777433 (D. Conn. June 4, 2001) (unreported); Messier v. Southbury Training Sch., No. 3:94-CV-1706, 1998 WL 422858 (D. Conn. June 29, 1998) (unreported). Citing Messier, defendant argues that although defendant can fairly be directed to produce the documents provided to an expert, id. at 11, documents from a consultant concerning a litigation strategy, like the documents at issue in this case, are protected as attorney work product, id. at 12.

Plaintiff objects to defendant's argument, initially contending that defendant "has not provided any agreement with Mr. McGrath or an affidavit that supports the position that Mr. McGrath was hired as both a consulting and testifying expert." Reply 8. Because defendant bears the burden of proof in asserting the attorney work product privilege, the court agrees that defendant must supply evidence supporting its contention that Mr. McGrath was hired as (or was working as) a litigation consultant when the documents at issue were generated. Thus, by **no**

**later than Friday, February 29, 2008**, defendant shall file, at a minimum, an affidavit indicating Mr. McGrath's role in this case and, if hired as both a litigation consultant and a testifying expert, describing how Mr. McGrath's work was apportioned between the two roles.

The court notes that the discovery schedule set forth in its October 15, 2007 order may need to be amended, and is open to establishing a new schedule at the parties' request.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge