IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K-CON BUILDING SYSTEMS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-981C |
| v. | ) | (Judge Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**Declaration of John R. McGrath**

I, John McGrath, declare under penalty of perjury:

1. I am a founding partner of Contract Solutions LLC, a construction and government contract consulting firm. On or about August 25, 2006, I was retained by the United States to provide services as an expert witness and litigation consultant in the above captioned matter. My agreement with the Government contains no explicit means of distinguishing my role as testifying expert from my role as consultant. My work was apportioned between those two roles according to the instructions I received from the lead attorney in the case.

2. During the period of my engagement with the Government, the lead attorney for the Government in this matter, Mr. Robert Chandler, requested that I perform an analysis of a settlement proposal made by K-Con. Mr. Chandler provided me with the settlement proposal letter from plaintiff's counsel, Mr. Bill Scott, dated June 15, 2006, along with documents provided by K-Con in support of its proposal. Mr. Chandler and I discussed the purpose of my analysis, and Mr. Chandler instructed me that my analysis was to be used for settlement discussion purposes only.

3. On December 28, 2006, I provided my written analysis to Mr. Chandler. The only documents I reviewed prior to completing this analysis were Mr. Scott's June 15, 2006 letter and the accompanying documents. The documents I provided consisted of a presentation in Microsoft PowerPoint titled "K-Con St. Petersburg Settlement Points," and two attached Excel spreadsheets titled "Major Milestones" and "Delay." The presentation document contained a legend in the bottom left corner that read:

    FOR SETTLEMENT PURPOSES ONLY
    PRIVILEGED and CONFIDENTIAL

4. These documents contained an analysis of the contract requirements, schedule requirements and the documents provided by K-Con as part of its settlement proposal. I also provided analysis of the arguments raised in K-Con's proposal, which included a substantive review of several issues based upon my experience in Government

contracting and construction matters.

5. On January 2, 2007, I provided a revised version of the aforementioned analysis to Mr. Chandler.

6. At the time that I prepared the aforementioned analyses, K-Con's expert had not produced his expert report in this matter. Thus, Mr. Chandler and I had not, at that time, identified the issues with respect to which I will testify in this case.

7. The remainder of the work I have performed on this case, consisting primarily of the preparation of my expert report, has been in my role as testifying expert.

/s/ JOHN R. MCGRATH
John R. McGrath