No.: 05-981C
(Judge Sweeney)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

K-CON BUILDING SYSTEMS, INC.,

Plaintiff,

vs.

UNITED STATES,

Defendant.

**PLAINTIFF'S SUPPLEMENTAL REPLY TO RESPONSE TO MOTION TO COMPEL AND REPLY TO DECLARATION OF JOHN R. McGRATH**

William A. Scott
Pedersen & Scott, P.C.
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF

March 4, 2008

# TABLE OF CONTENTS

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# TABLE OF AUTHORITIES

**Cases**

*United States v. City of Torrance*, 163 F.R.D. 590 (C.D.Cal. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Securities and Exchange Commission v. Reyes*, 2007 WL 963422 (N.D.Cal. 2007) . . . . . 1, 3, 4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-981 C** |
| **vs.** | ) | **(Judge Sweeney)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| **UNITED STATES COAST GUARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**SUPPLEMENTAL REPLY TO RESPONSE TO MOTION TO COMPEL AND REPLY TO DECLARATION OF JOHN R. MCGRATH**

## ARGUMENT

The Declaration of John R. McGrath demonstrates that the documents claimed to be privileged were not "generated or considered uniquely in the expert's role as consultant," but deal with the same subject matter that Mr. McGrath will testify to as an expert, and must be produced. *Securities and Exchange Commission v. Reyes*, 2007 WL 963422 (N.D. Cal.). Mr. McGrath's roles as a consulting expert and as a testifying expert both deal specifically with schedule analysis and delays, determinative issues in this case; therefore, any documents he prepared as a consulting expert relating to schedule analysis and delays are relevant to his role as a testifying expert and must be produced.

The primary issues in this case are the causes of delays to the contract and the assessment of liquidated damages. Thus, determinative issues at trial will revolve around schedules, the causes of delays, and whether delays were excusable, un excusable, or concurrent.

Mr. McGrath candidly admits that his "agreement with the Government contains no explicit means of distinguishing my role as a testifying expert from my role as consultant," but contends he was retained by the Government "to provide services as an expert witness and a litigation consultant" as apportioned by the Government's attorney. (Declaration, para. 1). In contrast, his expert report dated December 17, 2007 states he "was retained by the United States Department of Justice to preform an independent schedule/delay analysis regarding K-Con Building Systems, Inc.'s (K-Con) performance under a contract with the United States Coast Guard." The expert report clearly demonstrates he was hired to provide expert testimony on schedules and delays which are the central issue in this litigation and the issues addressed in the documents that have been withheld.

The documents prepared by Mr. McGrath that are claimed to be privileged were apparently prepared following his review of a letter from Mr. Scott dated June 15, 2006. That letter identified eight (8) specific issues that K-Con claimed delayed performance on the contract and support K-Con's claim for remission of liquidated damages. Documents supporting K-Con's position were attached to the letter. Mr. McGrath states he "provided analysis of the arguments raised in K-Con's [June 15, 2006] proposal, which included a substantive review of several issues based on my experience in Government contracting and construction matters." (Declaration, para. 4). This analysis resulted in a document entitled "K-Con Settlement Points" and two spreadsheets, one on "Major Milestones" and the other on "Delay." (Declaration, para. 3). Clearly, these documents deal with Mr. McGrath's opinion on the schedule, delays to the contract, and K-Con's position regarding responsibility for the delays, all of which are issues in this case and are directly related to the opinions and testimony Mr. McGrath will offer at trial.

The Government apparently contends that since these documents were prepared before K-Con provided its expert report, and before the Government had identified the issues that Mr. McGrath would testify to as an expert, the documents were produced in his role as a consultant and are privileged. However, Mr. McGrath has now prepared his expert report, and significantly, seven of the eight issues raised in the June 15th letter are specifically addressed in Mr. McGrath's expert report.[1] Further, it appears that Mr. McGrath reviewed and considered every document referred to in the June 15th letter in preparing his expert report.

Marking a document "FOR SETTLEMENT PURPOSES ONLY, PRIVILEGED AND CONFIDENTIAL" does not make the document privileged under the law. The documents that have been withheld unquestionably include Mr. McGRATH's opinion on the strengths and weaknesses of both the Government's and K-Con's position on the schedule and the causes of delays. These are the issues that Mr. McGrath addressed in his expert report and the issues that he will be testifying to at trial. As such, these are exactly the documents that K-Con is entitled to under discovery. As stated by the courts that have addressed the duel role of an expert, "the scope of the privilege must be narrowly construed against the expert's proponent, lest the privilege interfere with the goal of the disclosure requirements, which is to allow an adversary 'to expose whatever weaknesses, unreliabilities, or biases might infect the opinions of testifying experts called by [an] adverse party.' *City of Torrance*, 163 F.R.D. at 593." *Id.* In this case, the documents cannot be withheld because they deal with precisely what the expert will be testifying to at trial. Since any ambiguities as to the expert's role must be found in favor of disclosure, all of the requested documents must be produced.

[1] Mr. McGrath does not address the eight issue raised in the June 15, 2006 letter, the Government's failure to provide a laydown area, but it will be raised on cross as to why it was not considered.

Further, even if the documents were prepared by Mr. McGrath in his role as a consulting expert, as soon as he addressed the same issues in his expert report and will testify on those issues as a testifying expert, the documents clearly lost any protection as being unique to his role as a consulting expert, and are now discoverable.

## CONCLUSION

Every court that has addressed experts in duel roles has determined that the privilege is applicable "only as to materials that do not pertain to the subject matter on which his experts have submitted testimony." *Id*. Since the documents claimed to be privileged clearly deal with the issues that Mr. McGrath has been asked to testify to as an expert, they must be produced.

Respectfully submitted.

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott
William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 4th day of March, 2008.