**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-981 C** |
| **vs.** | ) | **(Judge Sweeney)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL REPLY TO RESPONSE TO MOTION TO COMPEL AND REPLY TO DECLARATION OF JOHN R. MCGRATH**

On November 29, 2007, plaintiff, K-Con Building Systems ("K-Con") submitted a motion to this Court requesting an order to compel defendant, the United States (the "Government") to produce, among other things, documents created by its expert, John McGrath, in his capacity as a consultant to the Government (the "McGrath documents"). In our response, we demonstrated that the McGrath documents are protected from disclosure by the attorney work product doctrine, and later, pursuant to an order by the Court, supported this argument with an affidavit from Mr. McGrath swearing to the facts underlying our response. Declaration of John R. McGrath, submitted February 29, 2008 ("McGrath Decl.").

K-Con responded by filing a new brief on March 4, 2008 (the "supplemental reply"). In its supplemental reply, K-Con principally argued that the McGrath documents are not protected by the attorney work product doctrine because they address subject matter within the scope of Mr. McGrath's proposed testimony. By invitation of the Court's order of March 5, 2008, the Government respectfully submits this response to K-Con's supplemental reply.

**ARGUMENT**

K-Con broadly states that "[e]very court that has addressed experts in duel [sic] roles has determined that the privilege is applicable only as to materials that do not pertain to the subject matter on which his experts have submitted testimony." Supp. Reply at 4 (internal quotations omitted). K-Con relies upon cases that have no relevance to this case, and thus overstates the emphasis the courts considering this issue have placed upon the subject matter of the materials. The cases upon which K-Con relies only considered the circumstance where the attorney provided material to an expert. They do not purport to consider the circumstances that exist in this case, where the expert/consultant has provided information to the attorney. The distinction is critical, because the sole basis for avoiding the work product doctrine in this context is Rule 26(a)(2)(B) of the Rules of the Court of Federal Claims ("RCFC"), which requires disclosure of "data and other information considered by the witness." (emphasis added). Thus, it is the information considered by and potentially influencing the expert that gives rise to the need for disclosure. Indeed, as the court expressed in United States v. City of Torrance, 163 F.R.D. 590 (C.D. Cal. 1995), a case cited by K-Con, the reason for the requirement to disclose information considered by an expert is to assure the "independence of the expert's thinking, both her analysis and her conclusions. The risk is that the lawyer will do the thinking for the expert, or, more subtly, the expert will be influenced, perhaps appreciably, by the way the lawyer presents or discusses the information."

K-Con has not argued that Mr. McGrath's opinions expressed at trial might be influenced by the McGrath documents. Nor is there any basis to suggest that the McGrath documents constitute "data and other information considered by" Mr. McGrath in his role as expert. K-Con has all of the documents considered by Mr. McGrath in preparing his report.

The only cases cited by either party which considered the applicability of the work product doctrine where an expert witness acting in a consultative capacity provided information to an attorney are the cases cited in the Government's response to K-Con's motion to compel, specifically In re Air Crash at Dubrovnik, Croatia on April 3, 1996, 2001 WL 777433 (D.Conn) and Messier v. Southbury Training School, 1998 WL 422858 (D.Conn). Each of those cases held that information provided by the expert/consultant to an attorney is subject to the work product doctrine, provided that the expert/consultant was acting in his consultative capacity.

Clearly that is the case here.[1] As Mr. McGrath indicated in his declaration, he prepared the analysis contained in the McGrath documents pursuant to an instruction from Government counsel that the analysis was for the sole purpose of considering the settlement proposal by K-Con. McGrath Decl. ¶ 2. The McGrath documents reflect that instruction in that they are marked "FOR SETTLEMENT PURPOSES ONLY." McGrath Decl. ¶ 3. Thus, the McGrath documents were not prepared in connection with his potential testimony at trial. Moreover, the McGrath documents were prepared at an early stage of this case, before the scope of Mr. McGrath's testimony even had been determined. McGrath Decl. ¶ 6. Given that the scope of Mr. McGrath's testimony was as-yet undetermined, the McGrath documents necessarily were not related to his testimony.2

---

[1] The only evidence that K-Con cites in support of its argument that Mr. McGrath was not acting in a consultative capacity is that his expert report states that he "was retained by the United States Department of Justice to perform an independent schedule/delay analysis regarding K-Con Building Systems, Inc's (K-Con) performance under a contract with the United States." The quoted language, however, does not suggest that the sole purpose of his engagement was to perform a delay analysis or providing expert testimony. To the contrary, Mr. McGrath indicated in his declaration that he had been retained as a testifying witness and litigation consultant. McGrath Decl. ¶ 1.

2 K-Con argues in response that the fact that Mr. McGrath included a discussion of issues in his later produced expert report that may have been addressed in the McGrath documents operates as a waiver of the work product doctrine with respect to that subject matter. Not only is this

In addition, the extent of the subject matter overlap between the McGrath documents and Mr. McGrath's expert report is not as extensive as K-Con has suggested. The McGrath documents address issues that are not included in Mr. McGrath's expert report, and therefore are not anticipated to be the subject of his testimony. Indeed, as K-Con acknowledges, it raised at least one issue in its settlement proposal that is not addressed in Mr. McGrath's report. Supp. Reply at 3. Moreover, the McGrath documents include a substantive review of a number of issues that goes beyond the delay analysis that is the subject of Mr. McGrath's expert report. McGrath Decl. ¶ 4. Finally, the analysis undertaken in the McGrath documents was based upon Mr. McGrath's review of K-Con's settlement letter and the accompanying documents only. McGrath Decl. ¶ 3. Thus, the McGrath documents represent an analysis of only a limited set of documents for a specific limited purpose, and not an effort related to Mr. McGrath's testimony.

**CONCLUSION**

For the reasons stated above and in our response to K-Con's motion to compel, we respectfully request that the Court deny plaintiff's motion to compel and for expenses.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

contention without support, but it misses the point. The significance of the fact that the scope of Mr. McGrath's testimony had not been determined at the time he produced the McGrath documents is that any analysis performed at that time could not have been performed in his capacity as a testifying expert. The contents of Mr. McGrath's expert report, then, have no impact on the Government's argument.

/s Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit
8th Floor
1100 L. Street, NW
Washington, D.C. 20530
Tel: (202) 514-4678
Fax: (202) 514-8624

March 19, 2008

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on this 19th day of March 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL REPLY AND RESPONSE TO THE DECLARATION OF JOHN R. MCGRATH" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler