IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| K-CON BUILDING SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>DEPARTMENT OF HOMELAND SECURITY, )<br>UNITED STATES COAST GUARD, )<br>)<br>Defendant. )<br>) | No.: 05-981 C<br>(Judge Sweeney) |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY A THIRD PARTY**

Pursuant to RCFC 45, the Plaintiff, by and through the undersigned attorney, hereby moves before this Court for an Order compelling Carl Boudreault, a nonparty witness, to produce documents relating to this case and allow the Plaintiff to copy the documents. This motion is based on a subpoena served on Carl Boudreault. (Exhibit 1).

Carl Boudreault lives in Wesley Chapel, Florida (near Tampa) and was an onsite contract inspector for the USCG on the contract at issue in this case. The Government identified Mr. Boudreault as a witness in its Responses to Plaintiff's First Set of Interrogatories, stating:

> Mr. Boudreault may testify as to the events he witnessed in his role as the Government Inspector. Mr. Boudreault's duties in that capacity included the monitoring of progress (or delays) and quality control (and quality control failures), the review of submittals, and to report to the contracting staff and FDCC management regarding such matters. In the conduct of his duties, Mr. Boudreault witnessed plaintiff's performance of the subject contract, including, but not limited to, plaintiff's lack of progress, poor quality control, failure to meet initial and revised contract completion dates, poor code compliance, and failure to produce complete design documents.

On March 7, 2008, Carl Boudreault was served with a Subpoena *Duces Tecum* that required him to make available for inspection and copying certain documents. The subpoena required that

he produce the documents at his home because, upon information and belief, he is now self employed.[1] Mr. Boudreault did not file an objection to the subpoena. On the date of the inspection, March 20, 2008, Carl Boudreault produced four (4) reams of documents; however, he would not allow the Plaintiff to take the documents from the premises to have them copied. Carl Boudreault insists that the documents be copied at his home with a copier brought to the home, and will not allow Plaintiff to arrange for a copying service to pick up and copy the documents and return the originals to him. Further, Mr. Boudreault will not have the copies made himself at Plaintiff's expense, as offered in the cover letter to the subpoena.

Plaintiff's counsel has discussed this matter with the Government's counsel, and asked that the Government's counsel talk to Mr. Boudreault about allowing the documents to be copied. Government's counsel declined to assist, stating that he did not believe that a motion to compel was appropriate given that Mr. Boudreault is not a party and that he did not believe that the Court of Federal Claims has any authority over Mr. Boudreault.

Plaintiff's counsel has called Carl Boudreault to discuss this matter; however, Mr. Boudreault has not returned any calls.

Plaintiff requests the Court issue an Order either (1) directing Mr. Boudreault to have the documents copied at Plaintiff's expense, or (2) directing Mr. Boudreault to allow the Plaintiff to have a copying company pick up the documents, copy the documents, and return the original documents to Mr. Boudreault.

---

[1] Defendant's Responses to discovery provided Mr. Boudreault's address as "c/o Commercial Maintenance Systems." A subpoena was also served on Commercial Maintenance Systems under the assumption that it was Mr. Boudreault's employer during the time he was the inspector at St. Petersburg. Commercial Maintenance Systems advised it did not have a contract for inspection with the USCG, and that Mr. Boudreault was not an employee during the time at issue in this case. It did provide a copy of Mr. Boudrealt's resume that indicated he worked for Jardon & Howard Technologies when he was inspecting work at St. Petersburg for the USCG.

I affirm that I have attempted in good faith to resolve the matters contained in this motion through discussions with both Government's counsel and with attempted discussions with Carl Boudreault, so that the documents sought could be obtained without action by this Court.

Respectfully submitted.

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott
William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 8th day of April, 2008.

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 8th day of April 2008, a copy of this Motion and a copy of the Notice of Electronic Filing issued by the Court of Federal Claims CM/ECF System showing the date a response is due was mailed via the US Mail, First Class and Certified Mail/Return Receipt, to:

Carl Boudreault
30146 Eastport Drive
Wesley Chapel, Fl. 33544

And a copy was provided to a process server to serve Mr. Boudreault personally.

S/William A. Scott
William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.