**PEDERSEN & SCOTT, P.C.**
Attorneys at Law
775 St. Andrews Blvd.
Charleston, South Carolina 29407
Phone (843) 556-5656 Fax (843) 556-5635

February 28, 2008

Carl Boudreault
30146 Eastport Dr.
Wesley Chapel, FL 33544

**RE: K-Con Building Systems, Inc. v. U.S. Department of Homeland Security, United States Coast Guard**
**Case No.: 05-981C (St. Petersburg)**

Dear Mr. Boudreault:

Please find enclosed for service upon you a Subpoena *Duces Tecum* in connection with the above-referenced case. This subpoena requires the production of documents at your office and does not require an appearance. If you prefer to copy and send the documents to us, as opposed to making the documents available at your office, it would be appreciated. We will gladly pay the reasonable copying costs and postage.

I look forward to hearing from you.

With regards,

William A. Scott

WAS/pb
Enclosure

cc: Eric Combs (w/enc.)
Robert Chandler, Esquire (w/enc.)

tabbies®
EXHIBIT
1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | **No.: 05-981C** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **SUBPOENA** |
| | ) | ***(Duces Tecum)*** |
| **UNITED STATES OF AMERICA,** | ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| **UNITED STATES COAST GUARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**TO: CARL BOUDREAULT, 30146 EASTPORT DR., WESLEY CHAPEL, FL 33544**

1. YOU ARE COMMANDED to appear in the above named court at the place, date and time specified below to testify in the above case.
   Place of Testimony:
   Date and Time:

2. YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.
   Place of Deposition:
   Date and Time:

3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects in your possession, custody or control at the place, date and time specified below: **SEE ATTACHMENT "A"**
   Place: **30146 Eastport Dr., Wesley Chapel, Florida 33544**
   Date and Time: **March 20, 2008 at 10:00 a.m.**

4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:
   Premises:
   Date and Time:

Any organization not a party to this suit that is subpoenaed for taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

[signature] Attorney for Plaintiff February 28, 2008
ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

William A. Scott, Pedersen & Scott, P.C., 775 St. Andrews Blvd., Charleston, SC 29407 (843) 556-5656
ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

NOTE: - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law (28 U.S.C. §1821).

**PROOF OF SERVICE**

| DATE | PLACE |
|---|---|
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

□ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

**DECLARATION OF SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

RCFC 45.

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing or sampling commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT "A"

1. Any and all agreements, contracts, purchase orders, job orders and/or delivery orders (including any modifications thereto) between the Coast Guard, or any other governmental agency, and Carl Boudreault and/or Commercial Maintenance Systems, Inc. relating in any way whatsoever to the prefabricated metal building constructed in St. Petersburg, Florida, (part of which was constructed by K-Con under Contract No. DTCG47-03-F-3EFK17) including but not limited to agreements relating to construction, inspection services, review of drawings, and/or litigation support.

2. Any and all invoices, pay applications, or other documents requesting payment from the Coast Guard, or any other governmental agency, submitted by Carl Boudreault and/or Commercial Maintenance Systems, Inc. relating in any way whatsoever to the prefabricated metal building constructed in St. Petersburg, Florida (part of which was constructed by K-Con under Contract No. DTCG47-03-F-3EFK17).

3. Any and all documents of any type whatsoever in your possession relating in any way whatsoever to the prefabricated metal building constructed in St. Petersburg, Florida, (part of which was constructed by K-Con under Contract No. DTCG47-03-F-3EFK17) including but not limited to: correspondences, logs, memorandums, emails, notes, inspection reports, daily reports, pictures, surveys, drawings, phone records, and time cards or other records of time spent in connection with this project.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA,**<br>**DEPARTMENT OF HOMELAND SECURITY,**<br>**UNITED STATES COAST GUARD,**<br><br>**Defendant.** | ) | **Case No.: 05-981C** |

**CERTIFICATE OF SERVICE**

The undersigned legal assistant at the law office of Pedersen & Scott hereby certifies that the **Subpoena *Duces Tecum* to Carl Boudreault** in the above-captioned case has been placed in an envelope, prepaid, addressed and mailed via U.S. Mail to:

Robert Chandler, Esquire
Commercial Litigation Branch - Civil Division
U.S. Department of Justice
1100 L. Street NW, 8th Floor
Washington, D.C. 20530

Patricia Bryant
Legal Assistant

Dated this 28th day of February, 2008.

# RETURN OF SERVICE

**State of** **County of** **Federal Claims Court**

Case Number: 05-981C Court Date: 3/20/2008 10:00 am

Plaintiff:
**K-Con Building Systems, Inc.,**
vs.
Defendant:
**United States of America, Department of Homeland Security, United States Coast Guard**

For: William A. Scott
Pedersen & Scott, P.C.

Received by S.L.K. INVESTIGATIONS on the 5th day of March, 2008 at 2:36 pm to be served on **Carl Boudreault, 30146 Eastport Drive, Wesley Chapel, FL 33544**. I, Edward Scott, do hereby affirm that on the 7th day of MARCH, 2008 at 2:20 p.m., executed service by delivering a true copy of the **SUBPOENA DUCES TECUM and ATTACHMENT A and ATTACHED LETTER** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving ____________________ as ____________________.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

( ) OTHER SERVICE: As described in the Comments below by serving ____________________ as ____________________.

( ) NON SERVICE: For the reason detailed in the Comments below.

( ) MILITARY I asked the person spoken to whether recipient was in active military service of the United States or of the State of Florida in any capacity whatsoever and received a NEGATIVE/POSITIVE reply.

**COMMENTS:** ____________________

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true."

Edward Scott

PROCESS SERVER # APS073/552
Appointed in accordance
with State Statutes

**S.L.K. INVESTIGATIONS**
**2212 East 5th Avenue**
**Tampa, FL 33605**
**(813) 247-6250**

Our Job Serial Number: 2008001618

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2c

ORIGINAL