# In the United States Court of Federal Claims

No. 05-981 C
(Filed: April 15, 2008)

************************************
K-CON BUILDING SYSTEMS, INC., *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
************************************

**ORDER**

On April 14, 2008, the court heard argument in the above-captioned case on Plaintiff's Motion to Compel and Plaintiff's Motion to Compel Production of Documents by a Third Party. During the argument, the court expressed concern with some of plaintiff's requests and some of defendant's objections. Upon the conclusion of argument and discussion, the parties agreed to the following:

- By **no later than Monday, April 28, 2008**, defendant shall supply the following documents to the court for an in camera review:

    - Those documents identified in the privilege log as items numbered 20, 21, 22, 23, and 24.

    - The memorandum from the contracting officer, Cathy Broussard, to attorney Phil Gillihan concerning the calculation of liquidated damages.

    - The contract between the United States and John R. McGrath concerning the government's retention of Mr. McGrath to serve as both a consulting and testifying expert in this matter.

- By **no later than Monday, April 28, 2008**, defendant shall provide plaintiff with the following documents:

    - The instruction concerning the calculation of liquidated damages: COMDTINST 7310.1F (January 20, 1999).

  - The contract between the United States Coast Guard and the employer of inspector Carl Boudreault.

  - The solicitation for the contract at issue in this case (identified in the Amended Complaint as contract number DTCG47-03-F-3EFK17 (GSA Contract No. GS-07F-0216L)).

- The court determined that plaintiff was entitled to the documents in the possession of Mr. Boudreault, as identified in Plaintiff's Motion to Compel Production of Documents by a Third Party, but that plaintiff would be required to make copies of those documents at Mr. Boudreault's residence. Defendant has volunteered to contact Mr. Boudreault to arrange for the production of those documents in compliance with the court's oral ruling. Defendant, by **no later than Monday, April 28, 2008**, shall file a status report indicating whether discussions Mr. Boudreault were fruitful. If defendant indicates that it was unable to reach an agreement with Mr. Boudreault concerning the production of the documents, the court will grant Plaintiff's Motion to Compel Production of Documents by a Third Party by separate order.

- By **no later than Monday, April 28, 2008**, plaintiff will propound more narrowly focused interrogatories on defendant, including interrogatories concerning the location(s) of additional records and the dates of Ms. Broussard's journal entries. Plaintiff may exceed the maximum number of interrogatories provided by Rule 33(a) of the United States Court of Federal Claims ("RCFC"). Defendant shall have the time allotted by RCFC 33(b)(3)–**30 days after service**–in which to respond to the interrogatories. Then, **no later than two weeks** after defendant has served its responses and objections to the interrogatories on plaintiff, the parties shall file a joint status report indicating whether another status conference is necessary. If no status conference is necessary, the parties shall instead suggest a schedule for further proceedings.

The court defers ruling on Plaintiff's Motion to Compel until after it conducts an in camera review of the documents provided by defendant, receives the parties' joint status report, and holds the status conference, if necessary.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge