# In the United States Court of Federal Claims

No. 05-981 C
(Filed: April 29, 2008)

************************************
K-CON BUILDING SYSTEMS, INC., *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
************************************

## ORDER

On April 15, 2008, the court issued an order in the above-captioned case directing defendant, by April 28, 2008, to (1) provide certain, specified documents to the court for in camera review; (2) provide certain, specified documents to plaintiff; and (3) file a status report concerning the production of documents by Carl Boudreault. On April 28, 2008, defendant filed a combined status report and motion for enlargement of time. In its motion, defendant requested an additional fourteen days in which to provide the court and plaintiff with the specified documents. Defendant indicates that plaintiff objects to the request for additional time.[1]

Pursuant to the court's April 15, 2008 order, defendant was to provide the court with (1) "Those documents identified in the privilege log as items numbered 20, 21, 22, 23, and 24"; (2) "The memorandum from the contracting officer, Cathy Broussard, to attorney Phil Gillihan concerning the calculation of liquidated damages"; and (3) "The contract between the United States and John R. McGrath concerning the government's retention of Mr. McGrath to serve as both a consulting and testifying expert in this matter." Defendant was to provide plaintiff with (1) "The instruction concerning the calculation of liquidated damages: COMDTINST 7310.1F (January 20, 1999)"; (2) "The contract between the United States Coast Guard and the employer of inspector Carl Boudreault"; and (3) "The solicitation for the contract at issue in this case (identified in the Amended Complaint as contract number DTCG47-03-F-3EFK17 (GSA Contract No. GS-07F-0216L))."

---

[1] Plaintiff did indicate to defendant that it would consent to the enlargement request if defendant provided plaintiff with the documents collected thus far. Defendant states that it is unable to provide the documents at this time as counsel is away from the office until May 1, 2008.

In support of its motion, defendant explains:

> In the ten business days since the status conference convened in this matter on April 14, 2008, defendant's counsel has been on travel for office matters eight of those days. During that time, defendant's counsel has had only narrow windows of time within which to conduct other business. Although defendant has made significant progress in securing the necessary documents, several documents have proven more difficult to secure than defendant's counsel anticipated during the April 14, 2008 status conference.

Defendant continues by describing the difficulties in obtaining three of the six enumerated items. First, defendant explains that the outside organization that arranged for Mr. Boudreault's employment no longer exists and therefore it has not yet been able to obtain a copy of the contract between the United States Coast Guard and Mr. Boudreault's employer.[2] Second, defendant states that it has not been able to find the 1999 version of COMDTINST 7310.1F. Third, defendant notes that it "is still attempting to obtain a signed file copy of the complete contract between the Government and Mr. McGrath." Defendant concludes its motion by asserting that "an additional 14 days will provide sufficient time for the Government to obtain the remaining documents, or to make a determination that it will not be able to do so."

At the outset, the court notes that defendant addressed only one document it was to provide to the court and two documents it was to provide to plaintiff. The court presumes that defendant possesses the remaining documents. During the April 14, 2008 argument, defendant indicated that it would provide these documents to the court and plaintiff on a "rolling basis." Tr. Recording at 4:56:24. Defendant has not done so. On the other hand, given defendant's limited time in the office, the court is sympathetic to defendant's inability to provide the available documents.

Given defendant's explanation in its motion, the court, over plaintiff's objection, finds that an enlargement of time is justified. Thus, the court **GRANTS** defendant's motion. The court assures plaintiff that it will be equally receptive to any future enlargement requests by plaintiff. Accordingly, defendant shall, by **no later than Monday, May 12, 2008**, provide the court and plaintiff with the documents described in the court's April 15, 2008 order. All of the deadlines related to plaintiff's additional interrogatories remain in force.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

[2] It strikes the court as curious that the United States Coast Guard is unable to furnish its copy of the contract.