**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-981C** |
| **vs.** | ) | **(Judge Sweeney)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| **UNITED STATES COAST GUARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order of July 2, 2008, the parties respectfully submit this joint status report. The parties disagree as to the appropriate scope and tenor of this report, and therefore submit separate statements.

**The Government's Statement**

Plaintiff, K-Con Building Systems, Inc. ("K-Con") served its Fourth Set of Interrogatories and Requests for Production of Documents on Defendant (the "Supplemental Discovery") on April 28, 2008. In its response, the Government objected to the Supplemental Discovery in its entirety on the grounds that it is overly broad, unduly burdensome, oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Government offered, as an alternative, to provide K-Con with access to all of the non-privileged documents that are related to the St. Petersburg project. K-Con contends that the Government's objections are unfounded, and that the Government is obligated to respond to the Supplemental Discovery and to permit inspection of the Coast Guard's documents. Thus, the parties require the Court's assistance in resolving this dispute, which the Government initiated by filing a motion for a protective order on July 9, 2008. The Government's position on all disputed issues

is set forth in its motion, or will be set forth in its reply to K-Con's response to its motion.

**K-Con's Statement**

The Plaintiff served the Government with additional Interrogatories and Requests for Production of Documents on April 28, 2008. The discovery was served by mail and by email on that same day.[1] Responses were due by June 2, 2008 including the three additional days for service by mail and the weekend.

On May 16, 2008, counsel for the Government requested an additional 30 days to respond to Plaintiff's additional Interrogatories and Request for Production. The requested extension required responses by June 30, 2008, including the three additional days for service by mail.

When counsel for the Government requested the extension, Plaintiff's counsel agreed provided the Government file a request for the extension with the Court that requested three (3) weeks for the status report after the responses were provided because Plaintiff's counsel would be out of the country. Again, on May 29, 2008, Plaintiff's counsel requested what the Government intended to do with regard to discovery responses, and again suggested it may be appropriate to ask the Court for an extension considering the Scheduling Order. Government's counsel confirmed that he wanted the extension to provide responses to discovery and advised that he planned to file a status report informing the court of the extension. Government's counsel also advised he would prepare a joint motion to extend the time to file the status report. The Government did not file a status report or provide any proposed joint motion. The Government did not provide responses to Plaintiff's discovery by June 30, 2008.

On July 2, 2008 the Court issued the Order requiring this Joint Status Report. After the

[1]A copy of the Plaintiff's discovery is attached to the Motion for Protective Order filed by the Government.

Order was received, by letter dated July 2, 2008, the Government objected to the Supplemental Discovery in its entirety on the grounds that it is overly broad, unduly burdensome, oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Government offered, as an alternative, to "produce all non-privileged documents related to the St. Petersburg matter that are within its possession, custody or control, **if plaintiff will withdraw its fourth set of interrogatories and request for production.**" (emphasis added). (Exhibit 1, DOJ letter dated July 2, 2008).

K-Con contends this is exactly where we were before. From April 28 through July 2, 2008, the Government never informed the Plaintiff that it objected to any of the discovery requests. The Plaintiff contends that the discovery requests are very specific and narrowly focused to address exactly the issues in the litigation, the location of documents relating to the work performed by K-Con, the calculation of the liquidated damages amount, and documents relating to the work performed by K-Con on the contract.

When the parties could not reach an agreement on whether the Government was required to provide responses to the Interrogatories, the Government filed a motion for a protective order on July 9, 2008. K-Con intends to submit its response as required by the rules, and understands that the Government intends to submit its reply. However, K-Con believes the Government's motion for a protective order is merely another delaying tactic, and requests the Court issue and order requiring the Government to respond to the discovery without the necessity of further motions and delays. K-Con also requests the Court order the Government to immediately provide copies of all documents relating to the Contract as the Government now says it will.

K-Con does not believe the continuing discovery dispute will be resolved without the assistance of the Court.

Respectfully submitted,

s/ William Scott
William Scott
Pedersen & Scott
775 St. Andrews Blvd.
Charleston, SC 29407
Washington, DC 20005
Tel. (843) 556-5656

Attorney for Plaintiffs

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tel. (202) 307-1011
Fax (202) 307-0972

July 11, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 11th day of July, 2008, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler