**U.S. Department of Justice**

Civil Division

JED:BGS:REChandler
154-05-914

Telephone: (202) 514-4678
Facsimile: (202) 514-8624

*Washington, DC 20530*

July 2, 2008

VIA ELECTRONIC MAIL

Mr. William Scott
Pedersen & Scott
775 St. Charles Blvd.
Charleston, SC 29407
Facsimile No: 843-556-5635

Re: K-Con Building Systems, Inc. v. United States, Fed. Cl. No. 05-981

Dear Mr. Scott:

This letter is in response to plaintiff's fourth set of interrogatories and requests for production (the "discovery requests").

We object to the discovery requests because they are, individually and cumulatively, overly broad, unduly burdensome, oppressive, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, defendant objects to the requests to the extent they seek documents that are protected by the attorney-client privilege or that constitute attorney work product. Neither defendant nor its counsel will produce any documents subject to the attorney-client privilege or work product protection.

Moreover, the Government objects to the discovery requests on the ground that they are wholly inconsistent with the Court's order of April 15, 2008, pursuant to which the discovery requests were propounded. You will recall that the genesis of the Court's order was our contention, with which the Court agreed, that plaintiff third request for production was unduly broad. The Court ordered plaintiff to propound "more narrowly focused interrogatories" as an aid to plaintiff in formulating reasonable

document requests. That is, the Court intended for the plaintiff to learn where documents were kept, what the Government did to retrieve them in response to discovery requests and, if possible, obviate the need for the production of certain categories of documents by asking simple, straightforward interrogatories designed to elicit the same information as the document request. Instead, plaintiff has served interrogatories that are broader in scope than its previous discovery requests and that, in many cases, are not designed to aid plaintiff in determining the availability of documents in the Government's possession. The Court's intent in requiring the additional interrogatories was to give plaintiff a tool to focus (and hopefully resolve) the discovery disputes between the parties, not to give plaintiff a tool to further harass the Government through discovery.

In addition, we note that although the Court's order permits plaintiff to exceed the number of interrogatories permitted by Rule 33(a) of the Rules of the Court of Federal Claims ("RCFC"), it did not give the plaintiff license to propound an unlimited number of interrogatories. The Court lifted the limit set by RCFC 33(a) in recognition of the fact that, because plaintiff already had served a substantial number of interrogatories in this matter, plaintiff might be hampered in its ability to learn about the existence of documents in the Government's possession if it were stricly limited to 25 interrogatories. In other words, the Court did not want plaintiff to bump up against the interrogatory ceiling as a result of its previous discovery in this case. The Court did not intend to permit plaintiff to engage in limitless discovery in this case and, by not setting a specific number of allowed interrogatories, left room in its order for defendant to challenge the supplemental interrogatories as burdensome.

Clearly the interrogatories propounded by plaintiff are unduly burdensome and contrary to the spirit of the Court's order - plaintiff has served 34 additional interrogatories, most of which are made up of multiple subparts, which must be counted separately for purposes of the RCFC. Counting subparts, the number of plaintiff's supplemental interrogatories comfortably exceeds 100.

We note also that the Court's order made no mention of requests for production. Indeed, the submission of requests for

production simultaneously with the Court-ordered interrogatories violates the spirit of the Court's order, because the whole purpose of this exercise was for defendant to be able to narrowly tailor its document requests based upon the Government's responses to the interrogatories. In any event, the requests for production are, in and of themselves, overly broad, unduly burdensome, oppressive, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, and in an effort finally to resolve the costly and time consuming discovery dispute that has significantly delayed the litigation of this matter, defendant will produce all non-privileged documents related to the St. Petersburg matter that are within its possession, custody or control, if plaintiff will withdraw its fourth set of interrogatories and requests for production. The aforementioned documents will be made available for inspection and copying on a date mutually agreed by the parties.

We note that we continue to hold the view that production of a substantial portion of these documents is not required under the RCFC and is not responsive to any non-objectionable request for production served by plaintiff.[1] The Government's production of these documents is in no way an admission that it has failed to satisfy its discovery obligations in this case or that the subject documents are relevant to this litigation.

We further note that plaintiff is required to submit to the Court a status report on July 16, 2008. Recall that we agreed, however, that in exchange for plaintiff's agreement to an earlier time extension, we would consent to additional time for plaintiff to file its status report and would submit the necessary filings in order to obtain the extension.

---

[1] Ineed, the production will include the documents that are responsive to plaintiff's <u>objectionable</u> requests for production.

If you agree to the Government's proposal, an extension should not be necessary, assuming you are returning to your office on our about July 10 as planned. Should it appear that plaintiff will need an extension, please let us know, and the necessary arrangements will be made.

Kind regards,

Robert E. Chandler
Trial Attorney