**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-981 C** |
| **vs.** | ) | **(Judge Sweeney)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| **UNITED STATES COAST GUARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

The Plaintiff requests the Court deny the Defendant's Motion for a Protective Order and direct the Defendant to provide responses to Plaintiff's Fourth Set of Interrogatories and Requests for Production. All the questions will have to be answered either now or in depositions and all of the questions are narrowly focused to address specific issues in the litigation. Likewise, the Requests for Production are aimed at obtaining documents dealing specifically with the issues in this litigation.

The interrogatories can be broken into four (4) categories: (1) interrogatories relating to the identification and location of documents relating to the specific issues in the litigation (Interrogatories No.'s 1- 8 and 34); (2) interrogatories relating to Cathy Brousard's journal that relate to construction of the warehouse in St. Petersburg (Interrogatory No.9); (3) interrogatories aimed at the calculation of the liquidated damages rate set forth in the contract (Interrogatories No.'s 10-32); and (4) interrogatories aimed at determining weather related delays during the contract (Interrogatory No. 33). While the Defendant's offer to provide "all documents relating to the contract" may be sufficient in response to some interrogatories and requests for production, it is not sufficient in response to all interrogatories and request for production. Many of the interrogatories

and requests for production seek information and the identity of documents that do not necessary "relate" to the contract, but are relevant to the issues in the litigation, particularly to the calculation of the liquidated damages amount and weather delays. The Plaintiff simply requests the Government provide responses as required by Rules 33 and 34 of the RCFC. Each category of interrogatories is discussed below.

## ARGUMENT

The Court's Order dated April 15, 2008 provided that the Plaintiff could "propound more narrowly focused interrogatories on defendant, including interrogatories concerning the location(s) of additional documents and the dates of Ms. Broussard's journal entries." The Plaintiff understood the Order to allow it to direct the interrogatories to the specific issues in dispute in the case and to make sure all relevant documents and all documents that could reasonable lead to the discovery of relevant information were identified. The Plaintiff did not understand that the Order limited the number of interrogatories, but that the Plaintiff was to narrowly focus the interrogatories at the specific issues in dispute so that the case could proceed without further delay. While not specifically stated in the Order, the Plaintiff also understood that it could submit requests for production along with the interrogatories to obtain copies of the documents identified in response to the interrogatories.

The Defendant's letter response to the discovery was over 60 days after the responses were served and does not meet the requirements of Rules 33 and 34 of the RCFC. The Plaintiff is particularly concerned with the blanket objection to all discovery because this just seems to be another delaying tactic. If the Government did not intend on delaying this matter, then it could have objected to the discovery requests within the initial time to provide responses, as opposed to

requesting a 30-day extension, and then submitting the letter response only after the Court issued its Order dated July 2, 2008.

**Category 1: Interrogatories relating to the identification and location of documents relating to the specific issues in the litigation (Interrogatories 1-8 and 34).**

Interrogatories 1through 8 all seek information on the identification of documents relating to specific issues in this case. For example, Interrogatory No. 1 requests the name, job position/description, and address of each and every Government employee that kept or maintained documents relating to seven (7) specific issues in this case. Interrogatory No. 2 requests the name of each and every file maintained by the Government on those same seven (7) issues and asked where the file was located and whether or not the original file had been produced for inspection and copying previously. Interrogatory No. 3 requests the identity of any and all documents relating to revisions, changes, modifications or amendments to the solicitation and specifications after July 15, 2003, the date the solicitation was originally issued. Interrogatory No. 4 requests the identity of documents from other bidders or prospective bidders relating to the issues in dispute in this case. Those documents are relevant because they could demonstrate that the Government had knowledge of defects with the specifications. Interrogatory No. 5 requests the identity of each and every document in possession of the Government relating to nine (9) issues in dispute in this case. It also advised that if no documents exist, please state that no documents exist. Interrogatory No. 6 requests information and documents relating to the calculation of liquidated damages, the work performed by K-Con under the contract, the review by the Government of documents submitted by K-Con during the contract performance, and evaluation by the Government of claims and requests for equitable adjustments submitted by K-Con relating to the contract. Interrogatory No. 7 requests that

the Government identify each and every contract and/or subcontract between the Government and any entity relating in any way to the work performed by K-Con under the Contract, including contracts for inspection services, design review, and engineering services. Interrogatory No. 8 requests the identity of each and every correspondence between the Government and any other entity relating to the work performed by K-Con under the Contract.

All of the above interrogatories are aimed directly at the specific issues in dispute in this case, the identity of documents that are relevant or may lead to the discovery of relevant information in this case, and the names or potential witnesses (persons that maintained the documents). The Government will have to answer these questions now or in a deposition. Further, since the Government has now agreed to provide all documents relating to the Contract, all of these interrogatories could be answered pursuant to Rule 33(d), Option to Produce Business Records, by specifying records from which the information could be ascertained. (Rule 33, RCFC).

**Category 2: Interrogatories relating to the Cathy Brousard's journal that relate to construction of the warehouse in St. Petersburg (Interrogatory No. 9).**

Interrogatory No. 9 is aimed specifically at identifying any entries by Cathy Brousard in her journal relating to construction of the warehouse at St. Petersburg and the issues in this case. The interrogatory requests the identity of any entries relating to (1) any meetings, revisions, changes, modifications or amendments to the solicitation and specifications made after July 15, 2003; (2) the calculation of the liquidated damages; (3) the work performed by K-Con under the Contract; (4) the work performed by other contractors relating to construction of the warehouse (including contracts for inspection services, design review, and work necessary to make the building usable); (5) correspondences; (6) the review by the Government of any submittals; (7) schedules prepared and

or reviewed by the Government; and (8) the evaluation by any Government employee of claims or requests for equitable adjustments submitted by K-Con.

Since the Government does not want to produce the entire journal for inspection and copying, the interrogatory was worded to ensure that all entries in Ms. Brousard's journal that are relevant or may lead to the discovery of relevant information relating to the issues in dispute in this case are produced. Again, the Government could simply respond by producing copies of the pages from the journal, but it would require a thorough review of the journal to ensure that the Government has produced all of the relevant pages. Since the Government does not want to produce the entire journal for inspection, it is only reasonable that it perform a thorough review of the journal to make sure that all entries that may be relevant or lead to the discovery of relevant information in this case are produced.

**Category 3: Interrogatories aimed at the calculation of the liquidated damages rate set forth in the contract (Interrogatories 10-32).**

Interrogatories 10 through 32 deal specifically and very directly with the calculation of the liquidated damages rate set in the Contract. Liquidated damages are intended to be a reasonable estimate of the actual damages the Government would have reasonably incurred as a result of delays by the contractor. In this case, the information provided by the Government in its responses to the Plaintiff's First Set of Interrogatories, Interrogatory No. 9, indicates that the liquidated damages rate set forth in the Contract actually includes the salaries of Government personnel that would have been paid whether this Contract was awarded, or never awarded, was one day late or five years late. As such, the Plaintiff does not believe that the liquidated damages rate accurately reflects any reasonable damages the Government could have anticipated, but is a penalty. The interrogatories are aimed

directly at determining whether or not the Coast Guard followed the FAR regulations for determining the liquidated damages rate or whether the liquidated damages stated in the Contract are actually a penalty. For example, Interrogatory No. 25 requested the Government state whether or not the persons identified as working on the Contract would have received the same pay/salary/wages if the Contract was not awarded, and if not, explain why they would not have received the same pay/salary/wages. Other interrogatories, such as Interrogatory No. 19, requested the identity of any and all documents showing any relationship between the pay/salaries/wages for persons working on the Contract, and any increased costs that the Government could have reasonably anticipated as a result of the Contract being awarded. The interrogatory also provided that if no such documents exist, please advise that no such documents exist. Of the 22 interrogatories relating to the calculation of the liquidated damages rate set forth in the contract, 16 stated that if no such documents exist, please advise that no such documents exist.

Interrogatories 10 through 32 are aimed directly and specifically at the most important issue in this Contract, the calculation of the liquidated damages rate set forth in the Contract. To date, the Government has failed to provide any documents at all that support the calculation of the liquidated damages rate. The interrogatories are aimed at determining what documents, if any, the Government used, or had available to determine what the liquidated damages rate actually should have been. Significantly, the Government's response that it will provide all documents relating to this Contract does not mean that it will provide documents relating to the calculation of the liquidated damages rate. To date, the Government has taken a very narrow view of what documents it considers to be relevant, and is expected to take an equally narrow view of what documents relate to the Contract. The requested documents, such as documents showing the relationship between the salary of the

persons identified as working on the contract, and any increased cost to the Government as a result of the Contract being awarded, do not necessarily relate to this Contract, but are clearly relevant to the determination of liquidated damages. Therefore, the interrogatories are appropriate and necessary. If the responses are not provided now, the Government will have to provide responses in depositions so that this case may be resolved.

**Category 4: Interrogatories aimed at determining weather-related delays during the Contract (Interrogatory 33).**

Interrogatory 33 requests the identity of any and all documents maintained by the Coast Guard at the Coast Guard base in St. Petersburg or in Norfolk relating to the weather conditions at the Coast Guard base in St. Petersburg for the period of June 1, 2004 through December 1, 2004. The interrogatory is aimed at determining the effect of weather-related delays during the contract performance period because five (5) hurricanes crisscrossed Florida during that time and the Department of Homeland Security declared large parts of Florida a disaster area. One of the primary issues in the case is the effect of the weather on the performance period.

The Plaintiff is concerned that the Government is trying to avoid responding to this interrogatory because it requests information from the Coast Guard that relates to the weather, but does not directly relate to this Contract as contract documents. For example, the Coast Guard base at St. Petersburg most likely has information on when the base was closed and weather observations for each day during the performance period. K-Con contends that it is entitled to this information to support its claim for remission of liquidated damages. However, while the documents are in the possession of the Coast Guard, the documents may not be in the possession of the contracting officer or other government personnel assigned to overseeing the construction of this project. With the

above in mind, K-Con is entitled to know the identity of all the documents in the possession of the Coast Guard that may support its claim, even if those documents are not necessarily in the possession of the contracting officer or its personnel.

Finally, Interrogatory 34 is a catch-all interrogatory requesting the identity of all documents relating to the work performed by K-Con in connection with the Contract **AND that the USCG has not produced**. This interrogatory is intended to make sure all documents relating to the work performed by K-Con are produced, and can be answered by simply stating that the Government will produce all documents relating to the Contract as it has agreed to do.

## CONCLUSION

For all of the foregoing reasons, K-Con requests that the Court order the Government to provide responses to the Fourth Set of Interrogatories and Request for Production in accordance with Rules 33 and 34 of the RCFC. The interrogatories are aimed directly at the issues in dispute in this case and will have to be answered in writing or during depositions. Providing responses as required by the rules will avoid further delays and unnecessary expenses to both parties and facilitate a quicker resolution to this case.

Respectfully submitted.

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott

William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
ATTORNEYS FOR PLAINTIFF

Dated this 24[rd] day of July, 2008.