**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No.: 05-981 C** <br> **(Judge Sweeney)** |
| **UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

In our motion for protective order, we demonstrated that K-Con's fourth set of interrogatories unquestionably is overly broad, unduly burdensome, oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In its response, K-Con fails to respond to these contentions, and instead merely summarizes the contents of its discovery requests. Indeed, K-Con acknowledges that 23 of its interrogatories do not seek information related to narrowing or resolving the document production issues, which was the reason plaintiff was ordered to propound those interrogatories.[1] We therefore respectfully request that the Court grant the Government's motion for protective order.

In addition, we wish to respond briefly to two issues that are not relevant to the merits of the Government's motion for protective order, but nevertheless were raised in K-Con's response.

1 K-Con groups its interrogatories into four categories. The third category, which includes interrogatories 10 through 32, is "aimed at the calculation of liquidated damages rate set forth in the contract." Pl. Resp. 1. The fourth category, which consists of Interrogatory 33, is "aimed at determining weather related delays during the contract." Id. Neither of these categories are in any way related to narrowing or resolving the issues surrounding the parties' document production dispute, which is what gave rise to the plaintiff's opportunity to propound additional

First, K-Con contends that the Government's response to its discovery requests "does not meet the requirements of Rules 33 and 34 of the RCFC." Pl. Resp. 2. This is not the case, however, and, in fact, K-Con does not identify any alleged deficiency. We assume that K-Con's contention is that we did not object to each interrogatory and document request separately. The Rules of the Court of Federal Claims ("RCFC"), however, do not require separate objections. RCFC 33 requires that interrogatories be "answered separately," but does not require that objections be made separately. In fact, RCFC 33 requires a separate response, "unless objected to," in which case the objecting party's obligation is only to state its reasons and answer to the extent not objected to. The Government's letter satisfies these requirements. Similarly, RCFC 34 requires a response for "each item or category, … unless the request is objected to," in which case the objecting party must state its reasons, which the Government has done here.

Moreover, the Government objected to the discovery requests in their entirety and, thus, could not answer them to the extent not objected to. In addition, our contention is that the requests are cumulatively burdensome and oppressive. The only way to alleviate this problem would be to revise or eliminate some or all of the requests. It is not the burden of the Government, of course, to revise plaintiff's discovery requests so that they are not unduly burdensome.

Second, K-Con contends that the Government sought an extension of time to respond to its document requests as a "delaying tactic." This simply is not true. K-Con's discovery requests were served on April 28, 2008 and the Government's responses initially were due June 2, 2008. Government counsel was required to engage in extensive work-related travel during the month of May, and on May 16, 2008, while traveling and before having formulated a response to

---

interrogatories.

K-Con's discovery, requested K-Con's consent to a 30-day extension. K-Con agreed, in exchange for the postponement of its expert's deposition, which then was scheduled for June 16, 2008. The Government decided on a course of action sometime after June 19, 2008; specifically, the Government decided to object to the discovery requests and to attempt to negotiate a solution with K-Con. K-Con's counsel, however, had previously informed defendant's counsel that he would be out of the country from June 19, 2008 through approximately July 10, 2008. That being the case, defendant's counsel saw no benefit to either K-Con or the Government in serving the Government's response prior to the July 2, 2008 due date.

**CONCLUSION**

For the reasons stated above and in our motion, we respectfully request that the Court enter a protective order relieving the Government from any obligation to respond to Plaintiff's Fourth Set of Interrogatories and Requests for Production of Documents to Defendant.

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit
8th Floor
1100 L. Street, NW
Washington, D.C. 20530
Tel: (202) 514-4678
Fax: (202) 514-8624

August 7, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 7th day of August 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler